NORMAN J. C. SHRADER, APPELLANT, VS. AURELIA SHRADER, APPELLEE.

AURELIA SHRADER, APPELLANT, VS. NORMAN J. C. SHRADER, APPELLEE.

1. Statutes authorizing constructive service of process by publication should be strictly and exactly pursued in order to give a court jurisdiction to render a judgment by default against a party who does not appear or plead in the case. This principle has especial application to proceedings under constructive notice or publication in divorce cases.

2. In divorce proceedings where constructive notice is attempted, if there is a failure to pursue the essential requirements of the statute, the decree rendered upon such illegal constructive service is void as to parties who have not appeared or plead in the case.

3. Where the court has no jurisdiction over the person of a defendant by reason of defective constructive service by publication upon her, any action of the court against the defendant based upon such service is without authority of law.

4. In a bill brought by a wife against a husband for alimony maintenance under section 1486, Revised Statutes, and the relief claimed is not predicated solely upon the existence of one or more legal grounds of divorce, but upon the necessities of the wife to have some provision made for her support, the ability of the husband to make such provision and his failure to do so, it is not necessary for the complaining wife to be a resident of the State of Florida, provided the defendant husband is a *bona fide* resident of the State.

5. In order to support a suit for alimony and maintenance, the relation of husband and wife must be in force, but a void decree of divorce obtained by the husband works no change in the marital status of the parties, and is no bar to the complainant's maintaining any action which the status of a wife enables her to maintain.

6. An original bill in chancery in the nature of a bill of review is a proper proceeding whereby to assail and set aside a decree of divorce which is null and void.

7. As a general proposition, courts of chancery have the same power to declare null and void invalid decrees of divorce that they have in other cases of fraudulent and void decrees.

8. Where a decree of divorce is obtained by a fraud practiced upon the court and the defendant, the jurisdiction being invoked by a false affidavit, it will be set aside upon bill filed for that purpose and proper proceedings thereon.

Appeal from the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*J. W. Brady*, for Norman J. Shrader.

*Frank Clark* and *C. W. Forester*, for Aurelia Shrader.

LIDDON, J.:

The two cases above stated are between the same parties. The appellant in case No. 1 is appellee in case No. 2, and the appellant in case No. 2 is appellee in case No. 1. In the court below the complainant in No. 1 was defendant in No. 2, and the complainant in No. 2 was defendant in No. 1. Both cases relate very much to the same subject-matter. The same principles of law apply to both cases. We have, therefore, thought best to consider them together, and dispose of both in a single opinion.

Case No. 1 was instituted and the decree appealed from was made after the final decree was passed in No. 2. As the appeal, however, in No. 1 was first taken, and the transcript of the record in the same was first filed here, we gave it precedence in consideration. For convenience sake, in speaking of the cases they are hereafter called case No. 1, and case No. 2. In case No. 1 the appellee, on January 11th, 1893, brought her bill of complaint in the Circuit Court of DeSoto county against the appellant. The object and purpose of the bill was to declare null and void the decree of divorce which had been rendered in the same court in case No. 2, and to require the defendant therein (appellant here) to contribute to the support of the complainant (appellee here). As shown by the bill of complaint, the principal ground upon which said decree of divorce was attacked was that the same was void for want of jurisdiction of the person of the complainant, who was the defendant in said divorce suit. The attempted service of process in such divorce suit was by publication. The affidavit upon which publication was made was as follows:

"STATE OF FLORIDA, ⎱
DESOTO COUNTY. ⎰

Before me personally came Norman J. C. Shrader, who being duly sworn says that his wife, Mrs. Aurelia Shrader, is not in the county of DeSoto, or within the jurisdiction of the Circuit Court of the Sixth Judicial Circuit of Florida, and that her residence is unknown to this affiant. NORMAN J. C. SHRADER.

Sworn to and subscribed before me this 21st March, A. D. 1891.
(SEAL) N. MACREYNOLDS, Notary Public."

The affidavit of publication and order attached thereto in the case was as follows:

"STATE OF FLORIDA, ⎱
COUNTY OF DESOTO. ⎰ ·

Personally appeared before me, a Notary Public, T. J. Pepper, who deposeth and saith that he is publisher of the Arcadian, a newspaper published in the town of Arcadia, in said county and State, and that he has made publication of the chancery notice of Norman J. C. Shrader vs. Aurelia Shrader (a copy of which is hereto attached), for five consecutive weeks, as required by law, embracing issues of April 9th, April 16th, April 23d, April 30th and May 7th, 1891.
T. J. PEPPER.

Sworn to and subscribed before me this 8th day of May, 1891.
(SEAL) J. L. JONES, Notary Public."
"In Circuit Court, Sixth Judicial of the State of Florida, in and for the county of DeSoto. In chancery.

Norman J. C. Shrader $\left.\begin{array}{c}\\ \text{vs.} \\ \end{array}\right\}$
vs.
Aurelia Shrader.

Whereas, it has been made to appear by affidavit that the defendant in the above entitled cause resides beyond the limits of the Sixth Judicial Circuit of Florida, and is over 21 years of age; therefore, it is ordered that Aurelia Shrader, defendant as aforesaid, shall appear, plead, answer or demur to complainant's bill filed in the above cause on or before the first day of June, 1891, or a decree *pro confesso* will be taken against her. Done and ordered this 28th day of March, A. D. 1891."

Certified copies of all of these papers were attached as exhibits to the bill of complaint. The bill alleged among other things, in substance, the residence of the complainant in St. Louis, Missouri, and of the defendant in Polk county, Florida; the marriage of the parties in Kentucky in 1863; their subsequent removal to the State of Texas; that the defendant in November, 1883, sent the complainant, without her consent, away from their home in said State, to St. Louis, Missouri, without letting her know his purpose in so doing; that he contributed nothing whatever to her support since November, 1884; that complainant did not leave her husband, the defendant, with any intention or desire to remain away from him, but because he commanded her to do so, and she was powerless to refuse obedience to his commands; that she would not have departed from her home if she had not been sent away; that after her departure from home she received letters from the defendant, and that he at all times knew perfectly well where she resided and could be found; that defendant on March 21st, 1891, filed his bill for divorce against the complainant in the Cir-

cuit Court of DeSoto county, where he did not reside; that in said bill the defendant alleged falsely that the complainant did on the 20th of May, 1883, without cause, wilfully desert the complainant, abandoning him at his home in Texas, since which time the complainant and defendant had not lived together as man and wife; that said allegations were wholly untrue; that complainant had always been willing to live with her husband, if he had expressed a willingness to receive her, which he never did. The bill further alleged that the defendant for the purpose of obtaining jurisdiction of the person of the complainant in a false and fraudulent manner, made an oath in writing that the residence of complainant was unknown to him. That what purports to be a notice (hereinbefore set forth) was published in the Arcadian, a newspaper published in the town of Arcadia, DeSoto county, Florida, as stated in affidavit of publisher attached to the bill of complaint; that no original order of publication signed by the clerk appears on file in said cause, and no copy of same was posted at the court house door or sent by mail to complainant, and that she never received any notice whatever of the institution of said suit, and had no knowledge whatever that such a suit had ever been instituted against her until after a final decree had been fraudulently obtained against her; that after said decree was rendered the said defendant had the hardihood and audacity to write to her at St. Louis, Missouri, where to his knowledge she had been ever since he sent her away from their home in Texas, notifying her that she was a divorced woman. The bill further alleged that the complainant was advised that said decree of divorce was null and void for the reason, that the court had never obtained jurisdiction of the person of complainant, and that the false affidavit men-

tioned as being made by the defendant was a fraud upon the court and upon the complainant; that the notice attempted by publication upon the complainant was illegal because it was not published for the length of time required by law; that a decree *pro confesso* was entered in the case without the clerk of the court having filed any certificate setting forth the fact of compliance with the law regulating constructive service of publication; that depositions were taken in said case and used on behalf of complainant, without any order or commission for taking the same. The bill further alleged the information and belief of the complainant that the defendant was a man of considerable means, being possessed of valuable property in the county of Polk, consisting of lands, a valuable orange grove, and considerable personal property, while complainant was compelled to earn her living by her own exertions and labor as a sick nurse. The prayers of the bill were to declare null and void the decree of divorce, and to require defendant to contribute to the support of the complainant.

The bill of complaint was demurred to upon various grounds, particularly set forth in the demurrer. All of these grounds requiring comment resolve themselves into that of a general want of equity. The defendant appealed from the order overruling the demurrer.

It is contended by appellant that the bill of complaint shows sufficient publication of notice to give the court jurisdiction of the person of the complainant, who was the defendant therein, in the divorce proceedings brought against her. The proceedings for notice by publication and decree *pro confesso* were attempted to be taken under the act of 1885, Chapter 3589 laws of Florida. The brief of counsel for appel-

lant admits that this was the act pursued, or attempted to be pursued. Some argument has been made as to whether publication of notice in divorce proceedings, instituted between the adoption of the statute of 1885, and section 1482 of the Revised Statutes, should be made under the act of 1885, or under the old special act relating to divorce suits, section 10 p. 473 McClellan's Digest. There was no attempt whatever to follow the old act, and from what has been and is hereafter stated it is shown that there was a complete failure to pursue the new one. The proceedings taken follow neither act, and are wholly deficient to give the court jurisdiction over the person, whether the one act or the other was in force. Therefore not being in accordance with the course prescribed by either, it is unnecessary to determine which act should have been followed. As the proceedings are claimed to have been taken under the act of 1885, we point out several matters where the complainant in said case failed to observe the essential, mandatory, jurisdictional requirements of the statute. In the first place the statute under consideration only gives authority to the clerk or judge to make an order requiring the defendant to answer or demur to the bill of complaint, where certain facts are sworn to either in the bill of complaint or in a separate affidavit. Among other things which are required to be stated under oath is "the belief of the affiant as to the age of the defendant being over or under twenty-one years, or if the age and residence of the defendant are unknown to the person making the affidavit, the person making the affidavit states they are unknown." The affidavit in question contains no allegations whatever as to defendant's age. The age is neither given or stated to be unknown. The statute further requires that the order of publication

shall be made by the clerk or judge. There is in the bill of complaint an allegation that no such order appears of file or record in the case. While perhaps not strictly proper so to do upon consideration of the demurrer to the bill, as the case does not depend for its determination upon the point now having our attention, we will say that the record in case No. 2 does not show that any such order was made. As it disposes of the point as presented in each case, we consider the allegation as a direct averment that no such order was made, and the allegation as admitted by the demurrer. It does appear from the bill that a newspaper publisher made an affidavit, attaching thereto a copy of an order or supposed order, which copy would imply that the original order was signed by the clerk of the court, or some person with a similar name, and that some kind of seal was attached thereto. The record in case No. 2 affirmatively shows that this paper had no file mark upon it. This showing is not sufficient to affirmatively show that an order of publication was made as required by the statute. It only shows that an order purporting to be a copy of an order in the case was published. If we admit that an original order was made, like the copy shown to have been published, such order would be in violation of the statute as to the time within which the defendant was required to appear, plead, answer or demur to the bill of complaint. The time named in said supposed order is over sixty days; when the statute says such time shall not be less than thirty nor more than fifty days. If all previous proceedings had been regular, the affidavit of the publisher was not sufficient to authorize the entry of a decree *pro confesso*. The statute provides as follows: "When an application is made to the judge or clerk for a decree *pro confesso* against a defendant as

to whom publication has been made, the clerk, before the decree *pro confesso* is entered, must certify that publication has been made, and therein state when and how, and whether the notice was posted up or forwarded by mail to the defendant, and when, which certificate shall be *prima facie* evidence of the facts therein stated.'' Sec. 2. Chapter 3589, act of 1885. The certificate required by the statute was not made. Such certificate is an essential jurisdictional prerequisite to the entry of a decree *pro confesso*, and a decree *pro confesso* entered without such a certificate, if not absolutely void, is certainly voidable, in proper proceedings by the party injured thereby.

As to the testimony being taken without any order or commission therefor, or compliance with the rules and statutes in such cases made and provided, it is useless to assign reasons for holding these proceedings void. Having determined that the court had no jurisdiction over the person of the defendant, by reason of defective constructive service by publication upon her, it follows as a matter of course that any action of the court based upon such service was without any authority of law.

It will perhaps be useful to state some of the principles of law by which we have been guided in reaching the conclusions stated. Statutes authorizing constructive service of process by publication should be strictly and exactly pursued in order to give a court jurisdiction to render a judgment by default against a party who does not appear or plead in the case. Black on Judgments, sec. 232. This principle has especial application to proceedings under constructive notice or publication in divorce cases. 2 Bishop on Marriage and Divorce, secs. 142, 552; Hafern vs. Davis, 10 Wis. 501; Atkins vs. Atkins, 9 Neb. 191; Cissell vs. Pu-

laski County, 3 McCrary, 446. If there is a failure to pursue the essential requirements of the statute, the decree rendered upon such illegal constructive service is void as to parties who have not appeared or plead in the case. Fontaine vs. Houston, 58 Ind. 316; 2 Bishop on Marriage and Divorce, sec. 552; Goudy vs. Hall, 30 Ill. 109; Penobscot R. R. Co. vs. Weeks, 52 Maine, 456; Morey vs. Morey, 27 Minn. 265; Hess vs. Cole, 23 N. J. L. 116; Freeman on Judgments, secs. 116 and 120a; Clayton vs. Clayton, 4 Colo. 410; Cheely vs. Clayton, 110 U. S. 701, 4 Sup. Ct. Rep. 328.

One other objection urged against the complainant's right to alimony or maintenance is, that she is a non-resident. From the allegations of the bill of complaint hereinbefore recited it is clear that relief is sought under section 1486 of the Revised Statutes of Florida. No divorce is prayed for, and the relief claimed is not predicated solely upon the existence of one or more legal grounds of divorce, but upon the necessities of the wife for some provision for her support to be made by the husband, the ability of the husband to make such provision and his failure to do so. The defendant is shown to have been a *bona fide* resident of the State of Florida for several years. In the case of Miller vs. Miller, 33 Fla. 453, 15 South. Rep. 222, in which the opinion was filed after appellant's brief was filed herein, it was held that the requirement of actual residence in this State did not apply to this class of cases. In these cases all that is necessary to show is that one of the parties is a *bona fide* resident of this State. The question is fully discussed in said case.

It is claimed upon the part of the appellant that in so far as the bill of complaint seeks alimony or maintenance, that it can not be maintained, for the reason

that the liability for the same depends upon the existence between the parties of the relation of husband and wife; that such relation has ceased since the granting of the decree of divorce set up in the bill; that such decree continues in full force and effect until it is set aside by the court, and that complainant can not maintain her bill until she first gets an order vacating and annulling the decree of divorce. There can be no doubt that the relation of husband and wife must be in force in order to grant the relief upon this branch of the case. It is claimed that she is barred from the relief asked as to alimony and contribution by the divorce decree. We have already said that this decree was void for want of jurisdiction over the person of the complainant. In Ponder vs. Moseley, 2 Fla. 207, S. C. 48 Am. Dec. 194, it is said: "Judgments of courts of general jurisdiction are not considered under any circumstances as mere nullities, but as records importing absolute verity, and of binding efficacy until reversed by a competent appellate tribunal. They are voidable, not void." The language used by courts in adjudicating cases is of authoritive value only as it applies to the facts before the court. The case which the court was then considering was a collateral attack upon a judgment, which had been reversed upon appeal, in a suit against a purchaser of property sold under execution issued upon the judgment while it was in force before it was reversed. The judgment assailed was rendered in a case where the court had jurisdiction of the subject-matter and the parties, and the reversal was for other errors. The court, in the head-note quoted, was showing the distinction between a void judgment, and one merely erroneous and voidable. The first head-note in the case shows that the

33

remarks quoted were not intended to apply to a case where the court was without jurisdiction over the subject-matter of the suit or the parties to the same. This head-note reads as follows: "To authorize the assertion that a judgment is void, it must have eminated from a court of limited jurisdiction not acting within its legitimate prerogative, or from a court of general jurisdiction where the parties are not actually or by legal construction before the court and subject to its jurisdiction." The point here involved as to the legal effect of a judgment entered in a case where the court had no jurisdiction of the person of the defendant, was not before the court in Ponder vs. Moseley, but in the course of the argument contained in the opinion are strong intimations of the views of the court that a judgment by a court without jurisdiction of the person against whom it is rendered is void. For a criticism upon the first quotation from Ponder vs. Moseley, *supra*, see 1 Freeman on Judgments, sec. 116. We have already stated herein that we regard the decree of divorce assailed by the bill of complaint as void. We think it was a nullity, and that it had no such effect upon the material status of the parties as prevents the complainant from maintaining an action against the defendant for alimony, or contribution from the defendant towards her support. An eminent author has forcibly said: "A void judgment is in legal effect no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless itself, all proceedings founded upon it are equally worthless. It neither binds nor bars anyone. All acts performed under it, and all claims flowing out of it are void. * * * No action upon the part of the plaintiff, no inaction upon the part of the defendant, no resulting equity in the hands of third persons, no power resid-

ing in the legislative or other department of the government can invest it with any of the elements of power or of vitality. It does not terminate or discontinue the action in which it is entered; nor merge the cause of action, and it therefore can not prevent the plaintiff from proceeding to obtain a valid judgment upon the same cause, either in the action in which the void judgment was entered, or in some other action." 1 Freeman on Judgments, sec. 117. Applying these principles to this case, the decree of divorce being void, the status of the parties as husband and wife remained unchanged, and the void decree is no bar to her maintaining any action which the status of a wife enables her to maintain. This principle, as applying to void decrees of divorce, was sustained in Cheely vs. Clayton, 110 U. S. 701, 4 Sup. Ct. Rep. 328; Clayton vs. Clayton, 4 Colo. 410, and Israel vs. Arthur, 7 Colo. 5, 1 Pac. Rep. 438.

It is also insisted that the remedy of the complainant to declare null and void the decree of divorce is not by bill in chancery, but is by a petition to be filed in the same suit in which the decree was entered. In Rawlins vs. Rawlins, 18 Fla. 345, text 352, it is stated, "in cases where the husband is alive, and the wife seeks to set aside a decree of divorce on the ground of fraud upon his part, the usual method is a proceeding in the same cause after notice to him." This statement, however, is a mere dictum, for the case before the court was not a proceeding in a case where the husband was alive, but where he was dead, and the proceeding by bill in chancery was sustained. The bill in chancery in that case was upheld. The court in the same paragraph states that "the proceeding by an original proceeding, or an original bill in the nature of a bill of review has been sanctioned by many courts

of equity in like cases, and we see no objection to it," and cites a number of authorities bearing upon the point. So far as this case, therefore, is authority at all upon cases where the suit is brought against a living husband, it is in favor of the remedy by bill in chancery. The bill of complaint, in so far as it attacked the divorce proceedings, was an original bill in the nature of a bill of review. *Ex parte* Smith, 34 Ala. 455; 2 Beach's Modern Equity Practice, sec. 884 and authorities cited; 1 Story's Equity Pleading, sec. 426. Some of the cases cited with approval in Rawlins vs. Rawlins, 18 Fla. text 352, were bills of complaint of this character to set aside a decree of divorce as being null and void, and were sustained by the court, though both parties to the proceeding were still living. As a general proposition, courts of chancery have the same power to declare null and void invalid decrees of divorce, that they have in other cases of fraudulent and void decrees. Adams vs. Adams, 51 N. H. 388, S. C. 12 Am. Rep. 134; 5 Am. & Eng. Ency. of Law, 844 and authorities cited in notes; Reno on Non-residents, sec. 256; 2 Freeman on Judgments, sec. 489; 1 Black on Judgments, 320.

The allegations of the bill being admitted by the demurrer to be true, another reason why the court of equity should take cognizance of the bill of complaint in this case is, that the decree of divorce was obtained by a fraud practiced both upon the court and the complainant in the present case. The jurisdiction of the court was invoked by a false affidavit that the residence of the complainant was unknown, which affidavit was made for the purpose of preventing her from having that notice and knowledge of the proceedings which the law intends and desires that she shall have. A decree of divorce of this character will be vacated

and declared void upon bill filed, or other proper proceedings taken for that purpose. 2 Freeman on Judgments, sec. 489; Adams vs. Adams, 51 N. H. 388, S. C. 12 Am. Rep. 134; Edson vs. Edson, 108 Mass. 590, S. C. 11 Am. Rep. 393; Bradford vs. Abend, 89 Ill. 78, S. C. 31 Am. Rep. 67.

When we take into consideration the principles already stated in connection with our statute (sec. 1486 Rev. Stat.) which expressly authorizes a bill to be filed in chancery proceedings, for alimony or contribution from a husband to the maintenance of his wife, we see no reason why in the same proceedings she can not attack a void decree, which, if allowed to remain undisturbed upon the records, might be an apparent cloud upon her status as a wife and right to obtain the relief prayed for.

The principles applicable to the two cases having been settled in the consideration of case No. 1, the disposition of case No. 2 is not difficult. It is not necessary to set out any portion of the record in the case. It is only necessary to state that the record in case No. 2 is correctly stated in the bill of complaint in case No. 1 as to the proceedings of publication of the order for defendant to plead or demur, etc., and that no order of publication affirmatively appears to have been made by the clerk or judge of the court; that there was no such certificate by the clerk as was required by the statute hereinbefore quoted, and that the defendant never appeared in the case or plead to the action, and the decree against her was predicated upon a decree *pro confesso* entered against her. The principles stated in the discussion of case No. 1, and the authorities cited, show that such proceedings were not only erroneous, but wholly void.

In case No. 1 the decree of the Circuit Court overruling the demurrer to the bill of complaint is sustained.

In case No. 2 the decree of divorce is reversed, and the case is remanded with directions that all proceedings in said case subsequent to the filing of the bill of complaint therein be quashed and set aside, and that such further proceedings be had therein as may be consistent with law and with this opinion.

In order to avoid mistake in the future progress of these cases in the Circuit Court, we think proper to give some directions and orders with reference to the same. Mrs. Shrader, the appellant in case No. 2, having by her appeal made herself a party to such case, should proceed to plead to the bill of complaint therein. Standley vs. Arnow, 13 Fla. 361. It is hereby directed that she plead, demur or answer to the bill of complaint in said cause within thirty days after the filing of the mandate of this court in this case in the Circuit Court. As she has never been granted any affirmative relief in case No. 1, and as all the relief prayed for in said case can under our statutes be granted upon her answer, or other proper pleadings and further proceedings in case No. 2, there is no necessity for the further maintenance of case No. 1 as a separate independent suit. Unless Mrs. Shrader sees fit to dismiss said case, the Circuit Court, in order to save costs and time and labor, should consolidate the two cases and dispose of them in the same proceeding. Of course if the complainant, Norman J. C. Shrader, will not further prosecute his divorce suit in case No. 2, then Aurelia Shrader can proceed with her case No. 1. Norman J. C. Shrader, appellant in case No. 1, and appellee in case No. 2, is ordered to pay the costs of both appeals.