KING WYLLY AND LOUISE WYLLY, HIS WIFE, APPELLANTS VS. THE SANFORD LOAN & TRUST COMPANY, APPELLEE.

1. Where constructive service by publication under section 1445 Revised Statutes is sought against two non-resident defendants, a certificate by the clerk that "he mailed copies of said order to the address of defendant" does not show a valid service upon either defendant.

2. An appeal to this court operates as an appearance in the cause, which will permit the court below, after reversal, to proceed with the case.

This cause was decided by Division B.

Appeal from the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*Massey & Baumgarten,* for Appellants.

*Thos. E. Wilson,* for Appellee.

MAXWELL, J.,

This cause was referred by the court to its late commissioners, who reported it for reversal.

A bill for foreclosure of mortgage was filed by appellee, complainant below, against appellants, and service of process upon defendants attempted by publication. Decree *pro confesso* was entered against defendants, followed by a final decree of foreclosure. From this decree defendants, who had not appeared in the court below, appeal to this court, assigning as error various alleged irregularities in the service of process upon them by publication.

In order that the court should acquire jurisdiction of non-resident defendants by constructive service of process by publication, it is necessary that the provisions of the statute authorizing such service be strictly and accurately pursued. Shrader v. Shrader, 36 Fla. 502, 18 South. Rep. 672.

One of the requiremets of our statute is that the clerk "shall also within twenty days of the making of the order" for publication "send by mail a copy to the defendant if his residence be shown by the bill or affidavit." Rev. Stats. Sec. 1413, 2; Chap. 4129, acts of 1893.

In this case there were two defendants, both non-residents, and the certificate of the clerk filed, as required by section 1445 Rev. Stats., is that he "mailed copies of said order to the address of defendant as given in the affidavit of complainant." This shows, at best, service upon one only, of the defendants, and the uncertainty upon which of them such service was made renders it *prima facie* void as to both. Likens v. McCormick, 39 Wis. 313; Dennison v. Taylor, 142 Ill. 45, 31 N. E. Rep. 148. See, also, Richardson v. Thompson, 41 Ill. 202; Gamble v. Warner, 16 Ohio, 371; Standley v. Arnow, 13 Fla. 361; Finlayson v. Lipscomb, 16 Fla. 751.

The decree of the court below, therefore, was rendered against parties of whom the court is not shown to have acquired jurisdiction, and must be set aside.

The appeal of the defendants operated as an appearance in the cause, however, which will enable the court below now to proceed in the matter. Stanley v. Arnow, and Finlayson v. Lipscomb, *supra*.

The decree is reversed and the cause remanded with directions to vacate the decree *pro confesso* heretofore entered against the defendants, and for further proceedings in accordance with law.