B. W. T. COBB, F. M. COBB, W. A. WOLFE, R. A. POLK, J. L. COBB, T. C. COBB, AND J. A. COBB, HEIRS AT LAW OF EZEKIEL COBB, DECEASED, *Plaintiffs in Error*, v. A. J. HAWSEY, *Defendant in Error*.

Where the complainant in a bill in equity believes that there are persons *in esse* but who are unknown to him who are interested in the property involved in such bill, in order to give the court jurisdiction over such unknown persons, he must state in his *verified bill*, under the provisions of Chapter 5393, Laws of 1905, that he *believes* there are persons interested in the property involved in such suit other than the known defendants whose names are unknown to him.

This case was decided by Division B.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter* and *C. L. Shine,* for plaintiffs in error.

*T. F. West,* for defendant in error.

HOCKER, J.: In the trial of an action of ejectment brought by the plaintiffs in error against the defendant in error, in November, 1907, in the Circuit Court of Santa Rosa County, it became necessary for the plaintiffs in proving their title to the land in controversy to introduce in evidence a decree of the Circuit Court of said county made in an equity suit between themselves as complainants and the "unknown heirs of Nathaniel Howthorne, as defendants, upon a decree pro confesso for want of appearance, wherein it was decreed that the complainants were entitled to a conveyance of the land in dispute from the said unknown heirs of said Hawthorne. This decree was objected to by the defendant on the ground that the Circuit Court was without jurisdiction to make it, and in support of said objection a certified copy of the amended bill upon which the said decree was alleged to be based was introduced in evidence and the affidavit attached thereto. The court below sustained the objection of defendant to the introduction of the decree, to which ruling the plaintiffs excepted, and as the plaintiffs then announced they could not proceed without said decree, the jury were instructed to find a verdict for the defendant. This they did, and a judgment was entered in accordance with the verdict. This action of the court is assigned as error here.

Of the several questions presented, we think it necessary to discuss only one. The proceeding in

chancery was founded on the provisions of Chapter 5393 of the laws of 1905. The first section is as follows: "If any complainant in a suit in chancery for the partition of or for the quieting of title to, or clearing a cloud from, or for the enforcement of a mortgage or lein against, or for specific performance of a contract to convey, or exchange real estate, or for the administration of a decedent, *shall state in a sworn bill that he believes that there are persons interested in the property involved in such suit other than the known defendants, whose names are unknown to him and* shall pray for relief against them, he shall be entitled to process by publication to bring in such persons as parties defendant to such suit. If the said unknown persons shall be known to, or believed by the complainants to be heirs, devisees, grantees, or other claimants under a person deceased whose name is known to the complainant, the complainant shall state the name of such person in the bill."

The second, third and fourth sections provide respectively for the order of publication, decree *pro confesso* and final decree, rehearing," &c.

It will be observed that this statute provides that a complainant shall state in a sworn bill that he believes that there are persons interested in the property involved in such suit other than the known defendants. There is no such allegation in the bill or the affidavit attached to it. So far as appears from the bill, the complainants may believe that Nathaniel Hawthorne left no heirs at all, or they may have had no belief at all on the subject; and this may have been a suit against entirely unreal and imaginary persons. This is not what the statute contemplates. Statutes like this authorizing constructive service of process by publication must be strictly pursued in order to give a court jurisdiction to render a

decree *pro confesso*, or by default. Shrader v. Shrader, 36 Fla. 502, 18 South .Rep. 672; Wylly v. Sanford Loan & Trust Co., 44 Fla. 818, 33 South. Rep. 453, and cases cited; 17 Ency. Pl. & Pr., 45.

We therefore think the Chancery Court acquired no jurisdiction to render the decree sought to be introduced in this trial, and the trial court committed no error in sustaining the objection to it.

The judgment of the court below is affirmed.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.