JACOB I. WILSON, *Appellant,* v. E. B. DRUMRIGHT, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF KATHRYNE CATE, DECEASED, *Appellee.*

Opinion Filed February 27, 1924.

This case was decided by Division B.

Where constructive service of process by publication is desired, the statutory requirements must be complied with or the court will be without jurisdiction to proceed in the cause.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*Whitaker, Himes & Whitaker,* for Appellant;

*E. B. Drumright,* for Appellee.

WHITFIELD, P. J.—The bill of complaint herein is by Kathryne Cate, Trustee, against Jacob I. Wilson, if living, and if dead against the unknown grantees, devisees, heirs or assigns of the said Jacob I. Wilson, whose several ages, names and residences are unknown to your oratrix.'' Its purpose is to quiet title to lands that are situated within the jurisdiction of the court. In such sworn bill it is alleged that "each of said respondents being unknown to your orator, and the ages and residences of all claimants in and to said premises are unknown to your oratrix, she prays that due order of publication may be issued herein in accordance with requirements of Chapter 8465, Acts of the year 1921, General Acts of the Legislature of the

State of Florida and otherwise as shall be required by the laws of the State of Florida.''

An order of service by publication was made and publication had. Final decree for complainant was rendered. Complainant died, and her executor was by stipulation made party complainant. Subsequently Jacob I. Wilson appeared and appealed from the final decree.

The only question presented is whether there was a valid service by publication.

The statute, Chapter 8465 Acts of 1921, provides that ''if the complainant shall allege in his sworn bill that he does not know and has not been able to ascertain whether any person believed by complainant to be intterested in such property, or, if dead, to have been interested therein, is dead or alive, he may make such person a defendant by name, and may also make the heirs, devisees, grantees or other claimants under such person parties defendant to said bill of complaint, and any final decree rendered upon such bill of complaint after service had as prescribed by law shall be conclusive upon such known person, if alive, and upon the heirs, devisees, grantees or other claimants under such known person, if dead. Decree pro confesso may be entered against the defendants so designated, as in other cases of service by publication, and a guardian ad litem shall be appointed to defend the interests of such defendants, as now provided by Section 3155 of the Revised General Statutes of Florida.''

It is manifest that the statute was not complied with by the recital that the bill is brought ''against Jacob I. Wilson if living, and if dead against the unknown grantees'' &c., ''whose several ages, names and residences are unknown to your oratrix,'' and by the mere allegation in the sworn bill of complaint that ''each of said respondents being unknown to your oratrix, and the ages and

residences of all claimants in and to said premises are unknown to your oratrix, who prays'' &c., there being no allegations that complainant had made an effort and had not been able to ascertain whether any known person believed to be interested is living or dead, even if there were other sufficient positive allegations to meet the requirements of the statute. The allegations contained in the bill of complaint were not sufficient as a legal predicate for constructive service so as to give the court jurisdiction to proceed in the cause. See Cobb v. Hawsey, 56 Fla. 159, 47 South. Rep. 484; Schrader v. Shrader, 36 Fla. 502, 18 South. Rep. 672.

Reversed.

WEST and TERRELL, J. J., concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.