J. W. REYNOLDS, *Petitioner*, v. W. T. HARRISON, AS CIRCUIT
JUDGE OF THE EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA,
*Respondent*.

## Division B.

Opinion Filed December 11, 1925.

Petition for Rehearing Denied January 8, 1926.

1. Chapter 10102, Laws of Florida, Acts of 1925, as originally
   enacted and in force until amended by the Act of the extraor-
   dinary session of the legislature of Florida convened Novem-
   ber .17, 1925, was applicable only to those unknown defendants
   who were either absent, concealed or non-resident.

2. The amendatory Act of the extraordinary session of the
   legislature of Florida convened November 17, 1925, could
   not by retroaction be construed to confer upon courts juris-
   diction of parties which had not been lawfully acquired in
   actions theretofore pending.

3. Where constructive service of process is attempted for the
   purpose of acquiring jurisdiction of parties the statutes gov-
   erning such constructive service must be strictly construed
   and must be fully and strictly complied with.

A case of original jurisdiction.

Peremptory writ denied.

*Dewey A. Dye*, for Petitioner;

*G. B. Knowles, for Respondent.*

BUFORD, J.—In this cause the alternative writ of man-
damus was issued on the 23rd day of November, A. D. 1925,
directed to the respondent commanding him as Circuit
Judge of the Eighteenth Judicial Circuit of Florida to take

jurisdiction of a certain cause there pending and to enter a decree *pro confesso* therein as far as said cause related to unknown defendants.

It appears conclusively from the petition herein as well as from the return to the alternative writ:

"1. That J. W. Reynolds filed on the 30th day of September, A. D. 1925, a suit in chancery in the Circuit Court of Manatee County, Florida, to quiet title to certain property in Manatee County, Florida, and has served process by publication against any and all persons claiming any interest in and to the property described in the bill of complaint, by publication in four successive weekly issues of the Evening Herald, a newspaper of general circulation, published in Manatee County, Florida, of an order of publication made by the Clerk of the Circuit Court in and for said county, addressed to said unknown persons.

"2. That a certificate of said constructive service, together with affidavit of publisher has been filed in said cause, and a certificate that no such person has appeared, which said certificate together with the file in said cause was presented to the Honorable W. T. Harrison, as Judge of said court, together with a petition asking for the entry of a decree *pro confesso* against said unknown defendants.

"3. That on the 5th day of November, 1925, when said application was made to the Honorable W. T. Harrison, as aforesaid, by the complainant in said cause, the petitioner herein, that the said W. T. Harrison, as judge as aforesaid, refused to take jurisdiction of said unknown parties and refused to make any order in the suit, and persists in refusing to take jurisdiction of said cause, or to make any order therein."

Upon these facts this action is based.

The question presented is one of jurisdiction of some of the parties to a suit and resolves itself into the necessary determination of whether or not the provisions of Chapter

10102, Laws of Florida, Acts of 1925, apply to *all* unknown defendants, or only apply to that class of unknown defendants described in the Act, *i. e.*, absent, concealed or non-resident defendants.

Our conclusion is that the Act above referred to can only be construed to apply to that class of unknown defendants described in the Act as above stated.

"Where constructive service of process is attempted the statute must be strictly pursued. Any failure in this regard will render the decree void." Shrader v. Shrader, 36 Fla. 502, 18 South. Rep. 672.

Legislative construction sanctions this conclusion.

At the extraordinary session of the Florida Legislature, convened on the 17th day of November, A. D. 1925, an Act was passed which later became a law, which has not yet been published, amending Section One of Chapter 10102 so as to make the provisions thereof apply to all unknown defendants. This amendatory Act, however, can not by retroaction confer jurisdiction where it did not, under the then existing law, exist.

The peremptory writ is denied.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.