SIDNEY STERN AND BELLE STERN, HIS WIFE, *Appellants,* v. HARRY RAYMOND AND ———— RAYMOND, HIS WIFE; JOHN O. PERRY AND AGNES PERRY, HIS WIFE; CHARLES D. PARTRICK AND MARIAN H. PARTRICK, HIS WIFE, AND E. A. CARTER AND SARAH L. MARTIN, *Appelleess.*

Division B.

Opinion Filed March 8, 1928.

*Henry E. Williams,* for Appellants;

*Jackson, Dupree & Cone* and *John Bell,* for Appellees.

BUFORD, J.—This was a suit brought to vacate a decree and an order confirming a sale of certain property, the decree having been obtained in a suit to foreclose a paving lien evidenced by a certain paving certificate. The final decree in that case was made and entered on the 6th day of December, 1924. The order confirming the sale was made on January 21, 1925.

On March 25, 1926, bill was filed seeking to vacate the decree and all subsequent orders made thereunder. After the bill was amended demurrers were submitted to the bill as amended and, thereafter, on the 16th day of October, 1926, the court made an order sustaining the demurrers and dismissing the bill of complaint.

On the 15th day of November, 1926, a petition for rehearing was filed, which petition was sworn to by the complainants in the court below, the appellants here. In this petition for rehearing it was alleged under oath that constructive service was attempted to be had in the original suit on the defendants, the complainants in this suit, by publication and that such notice was not published in a newspaper as required by law; that no service of process had been had on the defendants in the original suit, the complainants in the instant suit, and that the court had not in the suit brought to foreclose the paving lien as evidenced by the paving certificate, acquired jurisdiction of the parties. There were other allegations contained in the petition for rehearing and without intimating what the legal effect of the other allegations might be, we must hold that if the allegations in regard to the publication of the notice by which constructive service was attempted to have been had upon the defendants in the suit to foreclose the

paving lien as evidenced by the paving certificate, are true, then the decree of foreclosure of such lien was void because the court had not acquired jurisdiction of the parties. State *ex rel.* Yaeger v. Rose, 95 Fla. ——, 114 So. 373. A suit might be maintained at any time to set aside such void decree. Shrader v. Shrader, 36 Fla. 502, 18 So. 672; Myakka Co. v. Edwards, 68 Fla. 382, 67 So. 217; Cobb v. Hawsey, 56 Fla. 159, 47 So. 484; Wilson v. Drumwright, 87 Fla. 202, 99 So. 553. Therefore, the petition of the complainants in the court below, the appellants here, to vacate the order dismissing their bill of complaint should have been granted with leave to amend such bill of complaint.

The order denying rehearing is reversed, with directions that the order dismissing the bill of complaint be vacated and that the complainants in the court below, the appellants here, be allowed to amend their bill of complaint as proposed in the motion for rehearing and that the cause do proceed according to law and the rules of practice.

Reversed in part.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.