UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA v. GRAVES INVESTMENT COMPANY, a corporation,
ADAM G. ADAMS, W. T. ROBERTS and GEORGE P. STREET.

15 So. (2nd) 196

September 28, 1943

Rehearing Denied October 25, 1943

June Term, 1943

Division B

530

W. E. *Baker* and T. E. *Duncan,* for appellants.

*Jordan, Lazonby & Dell* and *Elliott Adams,* for appellees.

WALKER, Circuit Judge:

The Circuit Court of Alachua County by its final decree dated February 8, 1940, purported to cancel and annul the following tax sale certificates, viz., No. 1036 issued September 9, 1936; No. 561 issued August 30, 1937; No. 840 issued August 29, 1938; and No. 473 issued September 11, 1939. The certificates related to and embraced certain lands described therein, situate in Alachua County and owned by Mrs. Louise La Fontisse Fielding, a married woman.

About five months thereafter, on July 3, 1940, appellees, the certificate holders, filed a bill of review to review the said final decree by which the certificates were cancelled, as well as the record upon which the same was predicated, and on February 25, 1941, the chancellor (after first denying the motion) granted a rehearing on a motion to dismiss, sustained the same, and dismissed the bill of review. From the order of dismissal, an appeal was taken to this Court where it was held that the bill of review stated "a case of error apparent on the record and should not have been dismissed." See Adams, et al., v. Fielding, 148 Fla. 552, 4 So. (2nd) 678.

Thereafter the chancellor, after having given the owner of the lands an opportunity to be heard, by appropriate order vacated the final decree by which the certificates were purportedly cancelled and dismissed the original bill of complaint. Whereupon an appeal was taken from this order and the same was affirmed in the case of Fielding v. Adams, et al., 152 Fla. 376, 11 So. (2nd) 800.

In the meantime, on July 25, 1941, the then trustees for appellants purchased the premises described in the certificates at a time when the decree of cancellation stood as a matter of record unreversed and without appeal therefrom, and at a time when a bill of review had been filed, July 3, 1940, and a final decree was of record dismissing the same, and when, although an appeal had been taken in due course

from such order of dismissal, no lis pendens was filed nor supersedeas taken.

Although the validity of the certificates, generally, is now conceded, but because of the purchase of the premises under the circumstances mentioned, appellants contend that the certificates are unenforceable against the lands in their ownership.

On the 3rd day of April, 1943, appellee, Graves Investment Company, filed Tax Certificate No. 1036 in the office of the Clerk of the Circuit Court of Alachua County, and made .application for a tax deed to be issued thereon. Publication of notice was commenced and other steps were taken toward this end which precipitated the filing of a bill of complaint by appellants designed to enjoin the sale and to have the certificates cancelled and set aside on the ground, substantially, that they were unenforceable, as against the lands in their ownership, because of the circumstances hereinbefore related under which the premises were purchased by them.

Thereafter, upon motion of appellees, the chancellor dismissed the bill of complaint with the result of an appeal to this Court in which this action of the chancellor was assigned as error, as well as his refusal to grant a temporary injunction.

If the court failed to acquire jurisdiction of the subject matter and of the parties, appellants had no right to rely upon the validity of the decree which purported to cancel the certificates, because "for a decree to be valid it must be shown by the record that the court had jurisdiction of the subject matter and of the parties. Walker v. Carver, 93 Fla. 337, 112 So. 45.

"Every valid judgment must be predicated on three essential factors, viz., power to enter, jurisdiction of the parties, and jurisdiction of the subject-matter. Coslick v. Finney, 104 Fla. 394, 140 So. 216; MeGehee v. Wilkins, 31 Fla. 83, 12 So. 228; Wilds v. State, 79 Fla. 575, 84 So. 664; Malone v. Meres, 91 Fla. 709, 109 So. 677."

The decree of cancellation was one pro confesso and was based upon attempted constructive service. See Kooman's

Florida Chancery Pleading and Practice, page 136, wherein it is stated:

"Statutes authorizing constructive service of process must be strictly and exactly pursued in order to give the court jurisdiction to render a judgment by default. If there is a failure to pursue the essential requirements of the statute, a decree rendered upon constructive service is void as to parties who have not appeared or pleaded in the cause."

See also Smetal Corporation v. West Lake Inv. Co., 126 Fla. 595, 172 So. 58 (text 72), wherein it is stated:

"It is well settled in this jurisdiction that statutes authorizing constructive service of process by publication must be *strictly construed* and *fully complied with* in order to give a court jurisdiction of the person of the defendant. Shrader v. Shrader, 36 Fla. 502, 18 So. 672; Wylly v. Sanford Loan and Trust Co., 44 Fla. 818, 33 So. 453; Ortell v. Ortell, 91 Fla. 50, 107 So. 442; Tibbetts v. Olson, 91 Fla. 824, 108 So. 679; Reynolds v. Harrison, 90 Fla. 834, 106 So. 909; State v. Gray, 92 Fla. 1123, 111 So. 242."

Also see Cattlett v. Chestnut, 107 Fla. 498, 146 So. 241.

It appears from the face of the record in the cancellation suit that the court never acquired jurisdiction over the corporate appellee certificate owner and was, therefore, without authority to enter the decree of cancellation. We held in our opinion in the case of Adams v. Fielding, supra, that the constructive service upon which the decree was predicated was defective for lack of due diligence and for a failure otherwise to comply with Section 4256, Compiled General Laws of Florida, 1927, incident to the issuance of the order of publication. Commenting on this point, we, among other things stated:

"Order for service by publication was not filed and recorded until the 15th day of January, 1940. So it appears that the Sheriff's return had not been filed until more than two weeks after the order for service by publication was made.

"Nowhere in either the summons or return is it shown whether the corporation, Graves Investment Company, is a

Florida corporation or a foreign corporation which had done business in this State."

In the Smetal Corporation case, supra, on page 71, we clearly held that:

"If, for the reasons stated in Section 4256, process against any corporation 'cannot be served' and the officer's return of the writ, for a reason recognized by the statute, shows that to be the case, then, and not before, the judge of the court issuing the writ may make an order of publication."

It naturally follows that since the decree which purported to cancel the tax certificates was ineffective and without authority because of jurisdictional defects apparent on the face of the record, appellants were charged with notice of such fatal defects and had no right to rely upon such a decree. An inspection of the record upon which the decree was predicated would have disclosed the defective constructive service, and, necessarily, the individuality of the decree on account thereof. Although it should be observed here that appellants in their bill of complaint nowhere allege that they did not have actual knowledge of the defects of the constructive service or of the claim of appellees.

Section 192.21, Florida Statutes, 1941, (Sec. 894, C.G.L. 1927, Perm. Supp.) ordains that:

"All taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment, . . ."

And Section 196.05, Florida Statutes, 1941, mandatorily provides as follows:

"No decree shall be made by any court in a suit brought by or on behalf of any land owner to enjoin any tax sale or to set aside or cancel any tax certificate in the State of Florida until such owner shall have paid to the tax collector of the county where the property is assessable the full amount of the taxes which could have been lawfully assessed against the property involved for the period covered by the assessment complained of, whether such real estate shall have been returned for assessment by the owner thereof or not. In all

such cases the court shall ascertain and determine and by decree fix the amount of such tax to be paid by the owner."

As was said in Adams v. Fielding, supra, this Section "requires the owner of the property seeking to cancel tax certificates outstanding but alleged to be invalid to pay those taxes legally due which could have been lawfully assessed 'whether such real estate shall have been returned for assessment by the owner thereof or not.'"

Where this statute is appropriately applicable, a compliance therewith is a condition precedent to the acquisition of jurisdiction by the court to enter a decree cancelling a tax certificate. So since the statute is here constitutionally applicable (as we indicated in Adams v. Fielding, supra) to hold the decree valid without a compliance therewith would in effect frustrate the very purposes for which it was enacted and nullify the very terms thereof, insofar as the parties to this appeal are concerned.

There was a non-conformity with the statute in the cancellation suit. The decree transcended the power of the court and was contrary to the essential requirements of law. It ignored the statute and was, therefore, jurisdictionally defective. This was a matter also apparent on the face of the record and appellants were charged with full notice thereof. Johnson v. McKinnon, 54 Fla. 221, 45 So. 23; Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694; Malone v. Meres, 91 Fla. 709, 109 So. 677.

It naturally follows from what we have said that it is unnecessary to discuss other questions raised, and that the bill of complaint did not state a cause of action and was, therefore, properly dismissed. Smetal Corporation v. West Lake Inv. Co., supra; Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 537; Malone v. Meres, supra; Adams v. Fielding, supra; and Fielding v. Adams, et al., supra.

The order of the chancellor, accordingly, should be affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.