**MILLIE DOOLEY McGEE, v. B. F. McGEE**

22 So. (2nd) 788          June Term, 1945
July 10, 1945          En Banc

*T. G. Futch* and *T. G. Futch, Jr.,* for petitioner.

*T. Frank Landrum,* for respondent.

SEBRING, J.:

On May 22, 1942, B. F. McGee instituted suit for divorce against Millie Dooley McGee, on the ground of desertion. The bill of complaint alleged the address of the defendant to be unknown. Service was attempted upon the defendant by publication, the order of publication requiring the defendant to file her appearance on June 2, 1942, or suffer the entry of a decree pro confesso. The defendant failed to appear or plead on the day designated in the order of publication and a decree pro confesso was entered against her. Thereafter, the cause

proceeded ex parte. On July 2, 1942, a final decree was entered in the cause divorcing the plaintiff from the defendant. On October 21, 1944, the defendant filed in the cause a motion to set aside the final decree upon the ground that the affidavit upon which the order of publication was based was insufficient as a predicate for the issuance of an order of publication, hence that the court never acquired jurisdiction over the person of the defendant. The prayer of the motion is that all proceedings subsequent to the filing of the bill of complaint be vacated and canceled as void, and that petitioner be granted such further relief as the court should seem proper. On March 28, 1945, pursuant to notice to all parties, the court entered an order denying the motion. The defendant in the cause has petitioned this court for a writ of certiorari to review the order of the trial court denying the motion. The question is whether the affidavit by which constructive service of process was attempted was sufficient to confer jurisdiction on the court over the person of the defendant; it appearing that the defendant had not otherwise subjected herself to the jurisdiction of the court.

Constructive service of process is authorized in this state in suits for divorce or annulment of marriage where the residence of the defendant is unknown. Secs. 48.01, 48.02 Florida Statutes 1041. As a condition precedent to service by publication against such defendant the statute requires that there shall be filed in the cause a sworn statement executed by the plaintiff, his agent or attorney, setting forth (1) that diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; (2) that such person is over or under the age of twenty-one years, if his age is known, or that the age of such person is unknown; and (3) that the residence of such person is unknown to the affiant. Secs. 48.03, 4804 Florida Statutes, 1941. The sworn statement may be by affidavit or it may be included in the initial pleading. Upon filing the sworn statement, and otherwise complying with the foregoing requirements, the plaintiff is entitled to have issued by the clerk or judge, not later than sixty days after the filing of the sworn

statement, a notice requiring the defendant to file an appearance in the cause on a day (which need not be a rule day) to be definitely fixed by said notice to appear, not less than twenty-eight and not more than sixty days from the date of the executing of the notice to appear. Secs. 48.04, 48.09 Florida Statutes 1941.

Statutes authorizing constructive service of process must be strictly construed and exactly followed to give the court jurisdiction to enter a final judgment. If there is failure to pursue the essential requirements of the statute, a decree rendered upon constructive service is void as to the parties who have not appeared or pleaded in the cause. Shrader v. Shrader, 36 Fla. 502, 18 So. 672; Myakka Co. v. Edwards, 68 Fla. 382, 67 So. 217; Wilson v. Drumright, 87 Fla. 202, 99 So. 553; Stern v. Raymond, 95 Fla. 410, 116 So. 6; United Brotherhood of Carpenters and Joiners of America v. Graves Inv. Co., et al., 153 Fla. 529, 15 So. (2nd) 196.

The sworn statement upon which the plaintiff sought constructive service of process against the defendant in this case recited that "the *address* of the defendant is unknown; that the defendant is over the age of twenty-one years; that there is no one in the State of Florida service of personal process upon whom would personally bind said defendant; that said defendant is not in the military service of the United States." The bill of complaint in the cause contained the same allegation concerning the defendant. Nowhere in the affidavit or in the initial pleading in the case at bar does it appear that "diligent search and inquiry have been made to discover the . . . residence" of the defendant, as is required by section 48.04, *supra* as a predicate for the issuance of an order of publication. Neither is it stated in the affidavit that the residence of the defendant (as distinguished from the address) is unknown, as the statute requires. These defects, we think, render the proceedings had and taken on the sworn statement entirely ineffective to confer jurisdiction over the person of the defendant; consequently, the final decree entered on such proceedings is null and void. Nor will the fact that there appears in the testimony taken before the examiner after the entry of the decree pro confesso the state-

ment of the plaintiff to the effect, that after his wife deserted him he made diligent search to find her but could not, cure this jurisdictional defect by virtue of the existence of section 48.03 (3) Florida Statutes 1941, which provides that "After the entry of a final judgment or decree in any cause no sworn statement shall ever be held defective for failure to state a required fact if the said fact otherwise appears *from the record of the cause*." By *"the record of the cause"* as the term is used in the statute, is meant the initial pleadings filed prior to the issuance of the order of publication, not testimony taken thereafter on decree pro confesso.

Under our practice, a judgment or decree that appears from the face of the record to be absolutely null and void for lack of jurisdiction over the person of the defendant may be set aside and stricken from the record on motion at any time. Malone v. Meres, 91 Fla. 709, 109 So. 677; Kroier v. Kroier, 95 Fla. 865, 116 So. 753; Watkins v. Johnson, 139 Fla. 712, 191 So. 2; Horn v. City of Miami Beach, 142 Fla. 178, 194 So. 620. When a motion filed for such purpose has been erroneously denied by the court below, the correctness of the order of denial may be tested in this court by certiorari, even though other remedies may likewise be available.

Certiorari is granted with directions that the order of March 28, 1945, be quashed and that an appropriate order setting aside all proceedings in the cause subsequent to the bill of complaint be entered in conformance with this opinion. Thereafter, the defendant in the cause (petitioner here) should be given a reasonable opportunity to answer the bill of complaint, the cause then to proceed in accordance with rules.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN and THOMAS, JJ., concur.

BUFORD and ADAMS, JJ., dissent.

BROWN, J., concurring:

I am inclined to think that the more appropriate method of invoking appellate review of the trial court's order in this case would have been by appeal, but I am not sure that the

method adopted was not also available. I therefore yield to the judgment of the majority on this point of procedure. I have had no difficulty in concurring fully in the opinion of Mr. Justice SEBRING on the merits.