PER CURIAM.
This is an appeal by the plaintiff from a summary final judgment which dismissed her complaint upon the ground that the facts without genuine issue demonstrated that the circuit court was without jurisdiction. Appellant’s complaint sought to enjoin the demolition of her home. The allegations of the sworn complaint and the affidavit of the condemning authority reveal that the demolition was ordered .by the County Commission of Dade County based upon an order by the City of Miami Building Department. After a hearing before the Unsafe Structures and Housing Appeals Board, the County proceeding under chapter 24314, Laws of Florida, 1947, attempted personal service upon the appellant; two summonses were issued and each time returned “unable to locate.” The service of a notice in conformity with the laws providing for the service of a summons at law is provided in the special act. The act further provides for publication of a constructive notice in the event:
(a) The owner is concealing himself, or
(b) absent from the State, or
(c) a non-resident of the State, or
(d) because his residence is unknown, or
(e) because he is unknown.
The County proceeded with a publication of a constructive notice. It is now contended that the return of the sheriff “unable to locate” establishes that appellant was “concealing herself” and that therefore the constructive service of process is good.
The trial judge reached the conclusion that the service of process was good and that therefore appellant had no remedy in the circuit court because the act provides that an appeal from an action of the Board of County Commissioners must be taken within ten days of the action of that body.
Our review of the record convinces us that there was an issue as to whether the constructive service of process was good. Inasmuch as the special act does not provide an affidavit as a basis for constructive service, the effectiveness of the constructive service must depend upon an establishment in the record of the fact that the property owner is susceptible to constructive service because of one of the reasons set out in the act.
In the present instance, appellant’s sworn complaint alleges that she was at all times available for personal service of the notice and that she lived on the property each day that personal service was attempted. The County in effect, contested the allegations of the sworn complaint by its affidavit in support of the summary judgment. It alleged that the appellant was concealing herself. We think that the resolution of this issue of fact is essential to the determination of jurisdiction in the circuit court. It is apparent that if notice was not properly given to the appellant, the ten day limit cannot apply. To hold otherwise would be to approve a demolition proceeding in which the statute was not complied with and due process of law would not have been accorded appellant. Compare Outler v. Berman, Fla.App.1970, 234 So.2d 724; Young Spring & Wire Corp. v. Smith, Fla.1965, 176 So.2d 903; McGee v. McGee, 156 Fla. 346, 22 So.2d 788 (1945), *339 with Rowland v. State ex rel. Martin, 1937, 129 Fla. 662, 176 So. 545.
We reverse the summary judgment entered and remand the cause for trial of the issue specified.
Reversed and remanded.