EDWARD WILLETTS AND OTHERS' APPEAL FROM PROBATE.

*F* died within a probate district in this state, leaving property to be administered upon, and a will there made attested by only two witnesses. The probate court granted administration on her estate, finding in the order that she was there domiciled and died intestate. Afterward the executors named in the will had it proved in a surrogate's court in the state of New York, (by the laws of which the will was valid,) upon a citation of all parties interested. An appeal was taken from this decree to the Supreme Court of that state, in which it was found that the testa-

trix was domiciled in the state of New York at the time of her death and the decree of the surrogate's court was affirmed.   Held—

1. That this judgment was conclusive upon all persons who were parties to the proceeding, as to the question of *F's* domicil.
2. That it was the duty of the probate court here, upon application of the executors, to admit the will to probate, for the purpose of ancillary administration.

APPEAL from a decree of the probate court of the district of Greenwich, denying the probate of a will ; taken to the Superior Court in Fairfield County.   The following facts were found by the court:—

Alice Fowler died at Greenwich in this state February 7th, 1875.   Soon after her death, the court of probate for the district of Greenwich granted administration upon her estate to one William C. Field, and in the decree found that she had her domicil within that district at the time of her death, that she had died intestate therein, and that at the time of her death she had goods and estate whereof administration appertained to that court.   This decree was passed on the 8th of March, 1875.

Alice Fowler at the time of her death left an instrument purporting to be a last will and testament, executed December 6th, 1874, in Greenwich, and attested by two witnesses only, in accordance with the laws of the state of New York.

At a surrogate's court, held for the county of Westchester, in the state of New York, in the town of White Plains, on the 21st day of February, 1876, upon motion of the executors named in the will, and upon due notice and citation issued from the court to all parties concerned, the will was duly proved and a decree of the surrogate's court was passed admitting the will to probate and establishing it as a will of real and personal estate.

An appeal was taken from this decree to the Supreme Court of the state of New York, and from thence to the Court of Appeals, and upon the appeals such proceedings were had that the question whether Alice Fowler was domiciled in the state of New York or in the state of Connecticut at the time of her death, was tried by a jury upon a feigned issue framed for that purpose before the Supreme

Court, to which by the laws of New York such appeals were taken, being a common law court of general jurisdiction. The jury found by their verdict that at the time of her death she was domiciled in the state of New York; whereupon judgment was rendered by the Supreme Court affirming the decree of the surrogate's court; which judgment of the Supreme Court and decree of the surrogate's court have never been annulled or reversed. The parties to the present appeal were all parties to the proceedings in the state of New York.

A large portion of the property which Alice Fowler left at her death was in the state of New York. Soon after her death Field, who had been appointed administrator by the probate court in this state, removed all the personal property belonging to her estate, of which the greater part consisted of money in savings banks, from the state of New York into this state.

On the 6th of December, 1878, Field having resigned his trust as administrator, the court of probate, appointed in his stead one John G. Reynolds, who thereupon became possessed of all the property and estate of Alice Fowler.

After the will was proved in the state of New York, the executors therein appointed, having been duly approved and qualified in the surrogate's court for Westchester County, proceeded to administer upon the estate in the state of New York, and also made demand upon Reynolds for all the property of the estate in his hands, in order that they might administer thereon, but he refused to deliver it to them.

Thereupon a true and attested copy of the will, with a true and attested copy of the records and proceedings upon the probate of the same in the surrogate's court, and of the proceedings of the Supreme Court, was offered in the court of probate for the district of Greenwich, and an application was made by the executors that the will should be admitted to probate in that court, and administration granted thereon ancillary to the administration in the state of New York; but the court denied the application, and refused to admit

the will to probate; from which decree of the court the present appeal was taken.

Upon these facts the case was reserved for the advice of this court.

*E. W. Seymour* and *N. R. Hart*, for the appellants.

1. It is undoubted law that a party within the territorial jurisdiction of a court, and served with process, or one who submits himself to its jurisdiction by appearance, *in a controversy within the cognizance of the court*, is bound by the judgment pronounced therein, in every court in the land, unless annulled or set aside by appeal or proceedings in error. *Pennoyer* v. *Neff*, 95 U. S. Reps., 729; *Bank of North America* v. *Wheeler*, 28 Conn., 439. The parties to these proceedings were all parties to the proceedings in New York *by appearance*, and it is conceded that those proceedings were within the cognizance of its courts.

2. The question of domicil was made a distinct issue in the proceedings in New York, and its determination was the very essence of the judgment pronounced therein. Furthermore, in the Supreme Court this question was separated from the proceedings purely probate in their nature, and, by means of a feigned issue framed especially for that purpose, it was submitted to the decision of a court of general jurisdiction, in a trial had to a jury, according to the course of the common law. *Sutton* v. *Ray*, 72 N. York, 482, 484. " In respect to a court of general jurisdiction, it is to be presumed that the court had jurisdiction till the contrary appears. But the want of jurisdiction may always be shown by evidence, except when jurisdiction depends upon a fact that is litigated in a suit, and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided, and the judgment record is conclusive evidence of jurisdiction, until set aside or reversed by a direct proceeding upon appeal or writ of error." 7 Wait's Actions & Defences, 182; *Wright* v. *Douglass*, 10 Barb., 97; *Holcomb* v. *Phelps*, 16 Conn., 135; *Sears* v. *Terry*, 26 id., 281; *First National Bank* v. *Balcom*, 35 id.,

351, 359. By the judgment of the New York Supreme Court, the question of the domicil of Alice Fowler became "*res adjudicata*" between these parties, and no longer an open jurisdictional fact. *Hungerford's Appeal from Probate*, 41 Conn., 327; *Supples* v. *Cannon*, 44 id., 428, and note on page 431.

3. The New York judgment is conclusive of the fact of domicil, notwithstanding the grant of administration made to Field by the probate court in Greenwich, and its finding that the deceased belonged in that district. This finding was by a court of limited jurisdiction, and of a jurisdictional question, in an *ex parte* proceeding. And this court has held that "the judgment of a court of limited jurisdiction is never conclusive of a jurisdictional question. Its jurisdiction "may always be controverted." *Sears* v. *Terry*, 26 Conn., 282; *First National Bank* v. *Balcom*, 35 id., 359; *Olmstead's Appeal from Probate*, 43 id., 123; *Culver's Appeal from Probate*, 48 id., 173. And in each of these cases the right of the Superior Court to ignore the finding of the probate court on the question of domicil was sustained by this court.

4. It is not necessary to our conclusion that the grant of administration by the probate court of Greenwich should be wholly *coram non judice* and void. Such grant would be sustained upon the ground that there was estate within the district to be administered upon. There being assets within its jurisdiction, the administration is proper as *ancillary* to the domiciliary administration in New York. 3 Redfield on Wills (3d ed.), 26. The administration in Connecticut was proper, as the parties might never take out administration or prove a will in the *domiciliary* jurisdiction. *Stevens* v. *Gaylord*, 11 Mass., 256, 263. The proceedings would be of the nature of proceedings *in rem*, like proceedings by attachment against non-resident debtors having property within the state. Upon such proceedings, the right of the administrator to hold possession of the property of the decedent for the benefit of creditors and heirs, is established by a judgment *in rem*, but such pro-

ceedings do not determine who the creditors are, still less who the heirs are and what is the law of distribution. The cases of *Pennoyer* v. *Neff*, 95 U. S. Reps., 726, and *Bartlett* v. *Spicer*, 75 N. Y., 528, lay down the rule that in no case whatever, where there is no service of process, nor any appearance, is a judgment or decree of any effect except as *in rem*. It is of no effect *in personam*. That is, as against specific property of a non-resident debtor, or property covered by the mortgage of a non-resident mortgagor, or against the estate of a deceased person for the purpose of satisfying creditors, the courts may proceed *in rem* by attachment, foreclosure, or the appointment of an administrator.

5. The proceedings in New York to establish the will involved the rights of the parties thereto under the will, and were personal in their nature. The proponents sought to establish the will because they were interested to do so. The contestants sought to defeat it because their interests were involved. The judgment of probate finally determined these conflicting claims, and was conclusive as a judgment *in personam* upon every question litigated. And in these proceedings the fact of domicil, as necessary to establish the validity of the will, was no more a jurisdictional question than is the fact of the place of contract when the validity of a contract depends upon the *lex loci contractus*.

6. The will is entitled to probate in our courts, notwithstanding it was not executed in accordance with our statute. Our statute concerning the execution of wills (Gen. Statutes, p. 369, sec. 2), relates only to wills of persons domiciled in this state. *Irwin's Appeal from Probate*, 33 Conn., 137. If the decree of the courts of New York is valid, the question where the will was executed can not now be gone into by our courts, but this is, and must be held to be, a will "executed according to the laws of the state where executed," and therefore entitled to be "admitted to probate in this state, and effectual to pass any estate of the testator in this state." If the question could now be gone into, it would be a most narrow and vicious construction of

the statute to hold that a will, executed during a temporary
absence by a citizen and domiciled resident of the state of
New York, was not a will, to all intents and purposes
within the meaning of the statute, executed in New York.
It would be a perversion of the liberal intent of the statute,
which is, that the will of a citizen of another state which is
good for probate there shall be good here. Again, the
statute was not passed to affect the case of a demand for
probate of a will already probated in another state, but to
provide for cases where our own citizens, temporarily
absent, themselves ignorant of the requirements of our
law, and employing counsel equally so, should execute wills
according to the laws of the state where drawn, but not in
accordance with our laws. It had not in view at all the
probate of foreign wills nor the subject of ancillary admin-
istration.

*J. B. Curtis*, for the appellees.

1. The question is, whether the will in question can be
admitted to probate in the district of Greenwich in this
state. If Alice Fowler was domiciled in Greenwich at the
time of her decease, then her will, being attested by only
two witnesses, is void under the statute of this state and
cannot be probated here. If she executed it in Connecti-
cut with only two subscribing witnesses, then it cannot be
admitted to probate under the statute as it now stands.
Rev. Statutes, p. 369, sec. 2. The statute forbids in terms
the probate of such a will, and if she was domiciled here
when she executed it it cannot be admitted to probate here.
*Irwin's Appeal from Probate*, 33 Conn., 135.

2. That she was domiciled in this state at the time she
executed the will appears from the will itself, which
describes her as of Greenwich in this state, and by the find-
ing of the court of probate that she was domiciled here at
the time. And this fact is not contradicted by the finding
of the jury which tried the question of domicil in the state
of New York. If this doctrine is correct then the court of
probate for the district of Greenwich could not admit the

will to probate; and this seems to have been the understanding of the legislature, which has since provided for just such a case as the one presented. Public Acts of 1882, p. 167.

3. This view of the matter does not leave the proponents remediless. If the will is such that it can not be probated, it does not follow that the court can not consider it on application for distribution and to have administration in this state declared ancillary to administration in the state of New York, and the property transmitted there for distribution in accordance with the laws of that state. *Parsons* v. *Lyman*, 20 N. York, 103. The statute of 1882 does not provide for the probate of a foreign will, only for recording it.

4. But a very important question arises here: Was the question of domicil at all material, and did it make any difference whether Alice Fowler was domiciled in the state of New York or not? By the statute of New York no will of personal estate made by a person not being a citizen of that state shall be admitted to probate, unless such will "shall have been executed according to the laws of the state or country in which the same was made." N. York Rev. Statutes, p. 152, secs. 84, 85; *Matter of Roberts's will*, 8 Paige, 446. Under the provisions of the New York statute it must appear somewhere in the record that the surrogate's court found that she was a citizen of New York at the time she executed the will, in order to give that court power to consider the question of domicil, for if she was not a citizen at that time that court had no jurisdiction to decide upon the question of domicil nor could the Supreme Court consider that question on appeal. That this question of domicil was immaterial upon the probate of the will is shown by the decisions of that state. *Matter of Gillman's will*, 38 Barb., 364; 1 Redfield on Wills, 354. Nor is it a material issue in the probate of a will whether the deceased had her domicil within the jurisdiction of the court where the will is proved. The question of domicil could only arise in this case between the executor claiming

under the will and those parties contesting his appointment. It was not a question between the heirs and devisees with respect to distribution, and can not so be considered. In order that a judgment or finding shall be conclusive upon certain facts, those facts must be material to the issue, and no judgment or finding upon immaterial facts, even if the parties should agree that the court might make a finding upon them, will under any circumstances be deemed conclusive. Freeman on Judgments, sec. 271; *Campbell* v. *Consalus*, 25 N. York, 613; *Wolfe* v. *Washburn*, 6 Cowen, 262.

5. The court of probate here having first entertained jurisdiction and decided the question of domicil, it was not in the power of the court of a neighboring state to make a different decision which would be binding on the court where the original finding was made. The former judgment was final and conclusive unless appealed from, and cannot be called in question by any collateral proceeding. *Bush* v. *Sheldon*, 1 Day, 172; *Judson* v. *Lake*, 3 id., 326; *Lockwood* v. *Sturdevant*, 6 Conn., 388; *Gates* v. *Treat*, 17 id., 392; *Dickinson* v. *Hayes*, 31 id., 422; *Mix's Appeal from Probate*, 35 id., 122; Freeman on Judgments, secs. 319, 320. And this court says in *Hall* v. *Paine*, 47 Conn., 431, that one judgment can not be supplemented by another, and again, further on, "one judgment, though for a part only of a cause of action, is an absolute bar to another, and a satisfaction of the whole." *Burritt* v. *Belfy*, 47 Conn., 323; *Turner* v. *Davis*, 48 id., 397; *Nuckolls* v. *Irwin*, 2 Nebr., 60. The decree of the court of probate for the district of Greenwich was not considered, put in evidence, or in any way passed upon, by the court in New York, and is therefore in no wise impeached by the proceedings in that state, and is final and conclusive until regularly set aside. Distinct actions upon the same subject matter may be prosecuted in different states at the same time; but the judgment first rendered must prevail, otherwise there would be a direct conflict of jurisdiction; and if, after the first judgment, judgment should be rendered in another jurisdiction,

the court in which the first judgment was rendered would not be compelled to vacate its own judgment to sustain the foreign judgment. Such a doctrine as that contended for would destroy all comity between states and therefore should not be entertained

PARDEE, J. (After stating the facts.) It is urged by the appellees that the will in question is not valid in the state of New York because it was executed in this state; that the probate court in this state having first decided the question as to the domicil of the testatrix at her death, it was not in the power of the court in New York to make a contrary decision which would be binding on the probate court; and that our statute (Gen. Statutes, p. 369, sec. 2,) providing that "all wills executed according to the laws of the state or country where they were executed may be admitted to probate in this state and shall be effectual to pass any estate of the testator situated in this state," excludes this will.

Presumably the probate court for the district of Greenwich granted letters of administration upon the estate of Alice Fowler without notice to any person in interest, at the request perhaps of an heir, perhaps of a creditor, upon the representation that she died intestate, a resident, and leaving estate in that district; and while in the absence of the probate there of her will this grant would protect the administrator in taking possession of the estate in that district for the protection of creditors there and ultimately of legatees and heirs, yet it does not bar the executors named in a will subsequently found from proving in legal manner and before the proper tribunal in the state of New York that she died resident there, leaving a will valid according to the laws of that state for the purpose of passing title to both real and personal property; nor does it bar them, having duly proved the will in the state of residence at death, from the right to be entrusted by the court of probate in Greenwich with ancillary administration.

It is not a matter of legal necessity that a grant of letters of administration should control the disposition of an estate

to final distribution. Such grant must yield to the superior force of proof made, either that the supposed decedent is living, or that he left a valid will subsequently found, or that he died resident in a district other than that assuming jurisdiction.

The judgment in New York is that of a court of record, of general jurisdiction, proceeding according to the common law; in other words, of a court having full power to investigate and decide facts and called upon in due course of law so to do. All parties to the proceeding before us were either voluntarily or upon proper compulsion within the jurisdiction of and before that court.

The judgment there rendered was the first in order of time to conclude them upon the question as to the place of residence of the testatrix at the time of her death. Since its rendition none of them have had the right to deny in any court the fact as there established; they cannot now re-open the issue there made and determined against them. And the fact that upon and because of this determination of the question of domicil the will was admitted to probate in the state of New York, conclusively establishes, so far as the parties to that proceeding are concerned, in all courts, that it is the will of a person there resident at death and that it is there valid both as to real and personal estate. This being so, the executors have the right to prove it in this state for the purposes of ancillary administration.

The Superior Court is advised to reverse the decree of the probate court of Greenwich.

In this opinion the other judges concurred.