E. E. ROPES, APPELLANT, VS. WILLLIAM McCABE, APPELLEE.

1.   Until defendant files his answer, or a decree *pro confesso* is regularly entered against him in a partition suit, it is error for the court to decree partition between the parties.

2.   A decree *pro confesso* entered by the Clerk of the Circuit Court on a day other than rule day, not entered in pursuance of default in pleading committed on that day, nor in pursuance of an order of the judge, is unauthorized.

Appeal from the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the Court.

*E. E. Ropes in pro per.*

*No appearance* for Appellee.

CARTER, J.:

·Appellant and appellee were tenants in common of

376 94-100 acres of land in Volusia county, known as "Forbes' Island," to partition which a bill was filed in the Circuit Court by appellee.

Appellant appeared specially, moving to quash the subpoena, and also filed a motion to dismiss the bill. On January 23, 1894, while these motions were undisposed of, the clerk entered an order upon application of complainant's solicitor, reciting that defendant had appeared on November 6, 1893, for a special purpose, and that having failed to plead, answer or demur to the bill, it was therefore ordered that the bill be taken as confessed by defendant, and that complainant have leave to proceed *ex parte*. On application of complainant the court appointed a master to take testimony, and afterwards commissioners to partition the land. Although defendant was notified of the time and place of taking testimony he never appeared at any of the hearings before the master. The commissioners reported to the court that the land could not be equitably partitioned on account of its nature and location. The court thereupon decreed a public sale of the land, at which sale complainant became the purchaser at the sum of $220. The court confirmed this sale, directed that a deed be executed to the purchaser, approved bills of cost due to the master, commissioners, a surveyor employed by them, witnesses and court officers, amounting to $146.86, and a fee of $300 for complainant's solicitor. The court further directed that the $220 purchase money, be used in payment of these expenses, and as after paying the $146.86 above named, only $73.14 remained to be applied to attorney's fees, leaving a balance due of $226.86, the court entered judgment against complainant in favor of his attorney for one-half that sum $113.43, and a similar judgment against defendant for the other half and directed executions to issue there-

for. Thus an *ex parte* proceeding to divide nearly 400 acres of land resulted in a total loss of each party's entire interest therein, and in addition a personal judgment against each in favor of the attorney who brought the suit, for an amount in excess of one-half the value of the land realized at public sale.

We do not deem it necessary to consider any error assigned except that relating to the entry of the decree *pro confesso* against appellant. This decree was not entered on a 'rule day; it was not entered in pursuance of any default in pleading committed on that day, nor was it entered in pursuance of any order of the judge. The clerk was, therefore, without any authority to grant it (Ballard v. Kennedy, 34 Fla. 483, 16 South. Rep. 327); and as there was no valid decree *pro confesso* against appellant, the court erred in proceeding to decree partition because partition can not regularly be decreed until the defendant answers, or is barred from filing an answer by a decree *pro confesso*. Section 1494 Revised Statutes; Street v. Benner, 20 Fla. 700.

The decree *pro confesso*, and all subsequent decrees in the case are reversed, and the cause remanded with directions that the Circuit Court fix a time within which appellant shall plead, answer or demur to the bill of complaint, and for further proceedings.