# DECISIONS

OF THE

# Supreme Court of Florida

## JANUARY TERM, 1910.

C. F. ADKINSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

It is an essential allegation in an information or indictment for perjury, that the party charged was duly sworn, and that the oath was administered to him by someone authorized by law to administer such oath.

This case was decided by the court En Banc.

Writ of error to the Criminal Court of Record for Walton County.

The facts in the case are stated in the opinion of the court.

*W. T. Bludworth* and *J. Walter Kehoe,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

HOCKER, J.—On the 31st of August, 1909, in the Criminal Court of Record of Walton County, an information was filed against C. F. Adkinson in the following form:

"Be it remembered, That A. G. Campbell, County Solicitor of Walton County, prosecuting for the State of Flor- ·

ida, in said County, under oath information makes that one C. F. Adkinson late of the County of Walton, in the State aforesaid, on the 15th day of April in the year of our Lord, One Thousand Nine Hundred and Nine, at and in the County of Walton aforesaid; did then and there in the said County being authorized and required by law to make oath in a certain matter before the Court of the County Judge of Walton County, Florida, did then and there wilfully and corruptly swear falsely in regard to a material matter, respecting which his oath was authorized and required. That is to say, on said day, said C. F. Adkinson appeared before the County Judge of Walton County, and made affidavit against one D. J. Adkinson, charging the said D. J. Adkinson with an assault with intent to murder upon him the said C. F. Adkinson; that in order to procure the issuance of the necessary paper upon said affidavit, and in order to have the Court entertain his said affidavit without he, the said C. F. Adkinson, first paying or securing the costs of said prosecution, the said C. F. Adkinson did then and there knowingly, wilfully, corruptly and falsely swear that he, the said C. F. Adkinson was then and there insolvent and unable to pay the costs of the said prosecution, that in truth and in fact the said C. F. Adkinson was not then and there insolvent and unable to pay the costs of said prosecution, but on the contrary he was solvent and able to pay the costs of the prosecution, but desiring to escape the liability for said costs and avoiding the payment of the said costs, he did then and there knowingly, wilfully, designedly & corruptly, falsely swear that he was insolvent and unable to pay the costs of the prosecution, as aforesaid, against the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida.

A. G. Campbell, County Solicitor, Walton County, Florida."

On the 11th October, 1909, the defendant presented a motion to quash the information on the ground that it was vague, indefinite and insufficient in law. This motion was overruled. Exception to the ruling was noted. The defendant was tried, convicted and sentenced to a term of five years in the State Prison, and is here on writ of error.

In the case of Craft v. State, 42 Fla. 567, 29 South. Rep. 418, this court held that in an indictment for perjury, it is an essential allegation that the party charged was duly sworn, and that the oath was administered to him by some one authorized by law to administer such an oath. In the instant case the information is quite as defective as the indictment in the Craft case. It does not specifically allege that Adkinson was sworn, or that the oath was administered to him by some officer authorized by law to administer the oath. These are held in the Craft case to be essential allegations. See also Markey v. State, 47 Fla. 38, 37 So. Rep. 53.

The judgment of the Criminal Court of Record of Walton County is reversed.

All concur, except TAYLOR, J., absent on account of illness.