W. T. Bedsole, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

CRIMINAL LAW—PERJURY—NECESSARY ALLEGATIONS OF INDICTMENT.

1.  It is an essential allegation in an indictment for perjury that the party charged was duly sworn, and that the oath was administered to him by someone authorized by law to administer such oath.

2. In an indictment for perjury alleged to have been committed during the trial of a cause in a court, it should be alleged that such court had jurisdiction to hear, try and determine such cause.

This case was decided by the court En Banc.

Writ of error to the Criminal Court of Record for Walton County.

The facts in the case are stated in the opinion of the court.

*C. O. Andrews,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—By writ of error the plaintiff in error brings here for review a judgment of conviction of the crime of perjury in the Criminal Court of Record for Walton County. The information upon which he was tried was as follows:

"Be it remembered that A. G. Campbell, County Solicitor for the County of Walton prosecuting for the State of Florida in said County, under oath information makes that one Will Bedsole, alias W. T. Bedsole, late of the county of Walton in the State aforesaid, on the 29th day of April in the year of our Lord one thousand nine hundred and nine, at and in the county of Walton aforesaid did then and there, being lawfully required and sworn to depose the truth in a certain proceeding in the Justice of the Peace Court of Justice District Number 6 in Walton County, State of Florida in a certain proceeding therein being tried wherein the State of Florida was plaintiff and the said Will Bedsole was defendant, he the said Will Bedsole, alias W. T. Bedsole being then and there charged

with cruelty to animals in over driving and depriving of feed and other attention two horses, the property of one R. L. Burnham, and then and there being sworn at said trial as a witness in his own behalf, did then and there wilfully and corruptly swear falsely of and concerning certain matters material to the issue therein tried, that is to say, that in the said trial of said cause aforesaid in the said justice court aforesaid a certain material element and matter to be considered was the distance he the said Will Bedsole, alias W. T. Bedsole, had driven the said horses, and whether or not he had fed the said team at the noon hour, and when he had so fed them, and he the said Will Bedsole being then and there sworn as aforesaid, did then and there knowingly, corruptly and falsely swear that he had driven the team no further than to a certain negro house between the house of one W. L. Owens and Rocky Bayou, and that he had at the said negro's house in said county aforesaid purchased feed for said horses and fed said team at the house of the said negro, and that he then returned to Freeport, Florida. That the said testimony so given by the said Bedsole was as to a matter material to the issue then being tried as aforesaid. and that the same was false, he the said Will Bedsole not having purchased the said feed from the said negro as aforesaid, and not having fed the said team as he thus swore that he had done, and he having further driven the said team beyond the house of the said negro some distance to the log camp of one John Riley Wright, against the form of the statute in such case," &c.

After verdict the defendant moved in arrest of judgment, among others on the grounds: The information does not state before whom the defendant was sworn, or that it was before any one authorized to administer an oath; Because the information does not state that the 6th Justice District had jurisdiction to try said case

before him in which perjury is alleged to have been committed. This motion should have been granted.

In Craft v. State, 42 Fla. 567, 29 South. Rep. 418, it was held that in an indictment for perjury it is an essential allegation that the party charged was duly sworn, and that the oath was administered to him by some one authorized by law to administer such oath. Markey v. State, 47 Fla. 38, 37 South. Rep. 53; Adkinson v. State, decided here at the present term, 59 Fla. 1, 51 South. Rep. 818. The information here fails to state that the defendant was sworn by any one authorized by law to administer an oath. The information fails also to allege that the justice of the peace who tried the alleged cause in which the alleged perjury was committed had jurisdiction to hear and determine said cause.

The judgment of the court below is hereby reversed and the cause remanded with directions to quash the information upon which the defendant was tried.

All concur except SHACKLEFORD, J., absent.