Torrey v. Bruner *et al.*—Syllabus.

FRANK B. TORREY, AS EXECUTOR, *Appellant*, v. EVELYN DAY BRUNER, *et al., Appellees.*

60   365
f60   319

1. When a court does not have jurisdiction of the subject matter and of the parties affected by its judgment or decree, the adjudication is void and may be assailed collaterally. But if the court has jurisdiction of the subject matter and of the parties the adjudication is binding even though erroneous, unless it is reversed or modified by direct appellate proceedings.

2. Where the court has jurisdiction of the subject matter and of some of the parties the adjudication may be binding on the parties over whom the court has acquired jurisdiction by the proper service of process or by appearance, and not binding as to other persons over whom the court had not acquired jurisdiction.

3. In proceedings *in rem* where proper notice is given, the adjudication is in general binding on all the world where the court had jurisdiction of the subject matter or the rem.

4. The probate of a will is in the nature of a proceeding *in rem* the character of the notice required being prescribed by statute. The subject matter of the proceeding or the rem is the will.

5. When a will is not void on its face so as to make it in fact no will, all parties who contest the probate proceedings are bound by the decree rendered unless it is reversed or modified by direct appeal.

6. In the probate of a will where the jurisdictional fact of the decedent's residence is made an issue on the merits of the case, the determination of the fact is conclusive on the parties, unless reversed on direct appeal.

7 Where it appears that the probate of a will has been "duly obtained and granted" by a court of another State, it is the duty of the county judge of the proper county in this State, under section 2287 of the General Statutes, to admit such probate to record, the legal effect of such record not being involved.

This case was decided by Division A.

Appealed from the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the court.

*Axtell & Rinehart* and *Henry Strunz,* for Appellant.

*J. B. Gaines* and *Henry W. Bishop,* for Appellees.

WHITFIELD, C. J.—This appeal is from a decree of the circuit court affirming a decree of the County Judge of Lake county refusing to admit to record a will probated in New York.

The appellant presented to the County Judge for Lake county, Florida, an amended petition in which it is in brief alleged that on June 27, 1906, Edward Warren Day, late of Brooklyn, Kings County, New York, died at Brooklyn, leaving his last will and testament; that about November 16, 1906, the petitioner applied for a probate of said will; that notice was served and a contest over the probate of the will was had, among the contestants being Evelyn Day Bruner; that the will was admitted to probate and letters testamentary issued thereon to petitioner who qualified as executor; that there are assets of decedent in Lake county, Florida, both real and personal to be disposed of under the will. It was prayed that an exemplified copy of the will together with the proceedings showing probate thereof in the Surrogate's Court of Kings county, New York, may be recorded in the County Judge's Court of Lake county, Florida, as provided by law, and that ancillary letters testamentary be issued to petitioner, and for general relief. The proceedings in the Surrogate's

Court of Kings county, in Brooklyn, New York, show that on a petition by the appellant stating the death of decedent in Brooklyn, N. Y., June 27, 1906, possessed of certain personal property situated in Kings county; that petitioner is informed and believes the said deceased was at his death a resident of the county of Kings, New York; that the will was made at Pittman, Florida, and petitioner appointed executor thereof; that decedent left no widow, children, father or mother, and that certain named persons are all the heirs and all the next of kin of decedent, among them being a sister Evelyn Day Bruner; that all of said next of kin are of full age and sound mind; and prayed for probate and citation in due course. Citations issued and a contest of the will was had. Among the contestants was the sister Evelyn Day Bruner, who averred that the court had no jurisdiction because at his death the decedent was not a resident of Kings county, New York, but was a resident of Pittman, Lake County Florida, and because letters of administration have been issued in Lake county, Florida, and no personal property of decedent in Kings county, New York, remains unadministered; that no real property of decedent is in Kings county, and that the personal property mentioned in the petition for probate of the will is represented by bonds and notes that are and were in Lake county, Florida, and that the other personal property is at his residence and place of domicil at Pittman, Florida. At the conclusion of the proceedings before the Surrogate Court of Kings County, New York, it was decreed and adjudged that the will was duly executed by the testator who was then "and in all respects competent to make such will and not under any restraint or undue influence, and was at the time of making said will and at the time of his death a resident of and domiciled in the county of Kings, State

of New York." It was further ordered that the will be probated and letters thereon issued; and "that the objections to the probate not heretofore disposed of, including the objection that the said Edward Warren Day was not at the time of his death a resident of the county of Kings, and State of New York, be and the same are hereby dismissed as not proven and not sustained."

The admission of the will to record in Lake county was resisted by Evelyn Day Bruner, a sister of the decedent, who averred that she and three brothers were all the heirs at law and next of kin of the decedent; that at the time of the execution of the alleged will, the testator "was not of sound mind, memory or understanding and was mentally incompetent and mentally without testamentary capacity;" that the will if executed was made under undue influence; that the supposed will was executed in Lake county, Florida; that at the time of the execution the testator "resided and had his only residence, home and place of permanent abode" in Lake county, Florida, and had there resided for a long time and that "the actual and legal domicil of" the decedent was in Lake county, Florida, at and before his death; that he owned and resided on property in Lake county, Florida; that decedent was adjudged a lunatic in Lake county, Florida, on May 4th, 1906; that decedent remained of unsound mind from May 4th, 1906, till his death; that though decedent died in New York, he was there only temporarily for medical treatment; that the letters of guardianship over the decedent were recognized by the Supreme Court of New York; that decedent left no real or personal property in Kings county, New York, and no personal property of decedent came into or was in Kings county at any time after his death before the probate of the alleged will; that at decedent's death all his property both real

and personal was in Lake county, Florida; that the personal property was being administered on in Lake county, Florida, before the will was probated and letters testamentary were issued in New York under the alleged will; that the will was not duly attested; that the New York court was without jurisdiction to grant the probate and letters testamentary, because the decedent was a resident of Florida, and all his property was in Florida. These averments were all demurred to. The demurrer was overruled and the application for the record of the alleged will was denied. The circuit court affirmed the denial and an appeal was taken to this court under section 5 of Article V of the Constitution.

Section 2287 of the General Statutes is as follows: "Probate of foreign wills.—Probate of wills (conforming to the law of this State in the form and manner of execution), duly obtained and granted by any court in any of the States, Territories or districts of the United States, or in any foreign country, which relates to property in this State, shall be admitted to record in the county judge's court, and shall, when so recorded, have the same force and effect as to the disposition of the property thereby devised or bequeathed as the probate of wills executed in this State."

When a court does not have jurisdiction of the subject matter and of the parties affected by its judgment or decree, the adjudication is void and may be assailed collaterally. But if the court has jurisdiction of the subject matter and of the parties the adjudication is binding even though erroneous, unless it is reversed or modified by direct appellate proceedings. Where the court has jurisdiction of the subject matter and of some of the parties the adjudication may be binding on the parties over whom the court has acquired jurisdiction by the proper

24—Vol. 60

service of process or by appearance, and not binding as to other persons over whom the court had not acquired jurisdiction. In proceedings *in rem* where proper notice is given, the adjudication is in general binding on all the world where the court had jurisdiction of the subject matter or the rem.

The probate of a will is in the nature of a proceeding *in rem*, the character of the notice required being prescribed by statute. The subject matter of the proceedings or the rem is the will. If a will presented to the proper court for probate is not void or invalid on its face it is a proper subject or rem for probate proceedings, and where the notice required by the statute is duly given, the adjudication is not void even though error is committed for which the decree or judgment may be reversed in direct appellate proceedings. When a will is not void on its face so as to make it in fact no will, all parties who contest the probate proceedings are bound by the decree rendered unless it is reversed or modified by direct appeal.

If it appeared from the proceedings in the Surrogate's Court of Kings county, New York, that the court had no jurisdiction to probate the will, such probate is void and should not be recorded in Lake county, Florida, for the statute above quoted applies to a probate of a will "duly obtained and granted." The court had the will before it and it is not void on its face. The proceedings do not show the court had no jurisdiction. Evelyn Day Bruner was a contestant in the probate proceedings in New York, and there presented the question of the decedent's residence as affecting the jurisdiction of the court. In the decree granting probate of the will, the court expressly decreed that the will was duly executed; that the decedent was a resident of and domiciled in Kings county, New York; that he was competent and not unduly influenced,

and that the objections that the decedent was at his death not a resident of Kings county, New York, were dismissed as not proven and not sustained. This adjudication not reversed on appeal, concluded Evelyn Day Bruner where the want of jurisdiction does not appear in the proceedings of the Surrogate's court. See 23 Am. & Eng. Ency. Law (2nd ed.) 132 *et seq.*; Will of Slinger, 72 Wis., 22, 37 N. W. Rep., 236; Willett's Appeal, 50 Conn., 330; Sammis v. Wightman, 31 Fla., 10, 12 South. Rep., 526, Jordan v. Ry., 125 Wis., 581; Corrigan v. Jones, 14 Col., 311; Bolton v. Schmin, 135 N. Y., 65; 14 Cur. Law, 394. *Schmin*

The jurisdictional fact of residence was made an issue on the merits of the case in the probate proceedings in the New York court, and the determination of the fact is conclusive unless reversed on direct appeal. To re-litigate that jurisdictional fact here would amount to a retrial of the merits of the case which is not permissible in a collateral attack on the decree. People's Sav. Bank v. Wilcox, 15 R. I., 258, 3 Atl. Rep., 211, 2 Am. St. Rep., 894; Thornton v. Baker, 15 R. I., 553, 10 Atl. Rep., 617, 2 Am. St. Rep., 925; Lucy v. Deas, decided at this term. Full faith and credit should be given to the decree of probate. Thomas v. Morresett, 76 Ga., 384.

The matters set up by Evelyn Day Bruner in opposition to the record of the probate of the will in Lake county do not affect the duty of the county judge to record the probate under the statute, the legal effect of the will on property in this State not being involved. See sec. 2286 Gen. Stats. Belton v. Summer, 31 Fla., 139, 12 South. Rep. 371.

The previous grant of letters testamentary on the decedent's estate has no bearing on the duty of the county judge to record the probate of the will, it appearing that the probate was "duly obtained and granted." If the

findings of the Surrogate's Court are erroneous, they could have been reviewed and corrected by proper appellate proceedings in New York.

The decree is reversed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J.J., concur in the opinion.

### ON REHEARING.

PER CURIAM.

The appeal from the County Judge to the Circuit Court covered three orders of the County Judge, but the decree of the Circuit Court appealed from disposed only of the order that in effect refused to admit to record the probate of the will. The appeal to this court is confined to the matter disposed of by the Circuit Court in the order appealed from. We do not feel disposed to pass primarily upon matters not yet adjudged by the Circuit Court. A rehearing is denied.

All concur.