## FINDING AS TO THE DOMICILE OF A TESTATOR.

Circuit Court of Summit County.

HOMER A. HINE v. MARTHA L. COWLES ET AL.*

Decided, April 12, 1911.

*Wills—Domicile of Testator—Judgment of Probate Court Conclusive.*

The judgment of a probate court of this state as to the domicile of a testator whose will is probated in said court is conclusive upon the courts of this state, though not binding upon the courts of other states.

*Allen, Waters, Young & Andress,* for plaintiff in error.
*Carpenter, Young & Stocker,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Welthia Daniels died in California on November 20, 1906, leaving a, will which she had executed in Summit county, Ohio, where she formerly lived, appointing the plaintiff executor thereof. Said will was duly probated in this county in January, 1907, and thereafter an authenticated copy was admitted to record in Los Angeles county, California, and an ancillary administrator, with the will annexed, was there appointed to administer assets of the estate there found.

Thereafter a petition was filed in the Superior Court of Los Angeles County, California, to contest the validity of said will, and it was there set aside on account of the testator's alleged incapacity to make it.

Later on, in 1910, a petition was filed in the Common Pleas Court of Summit County, Ohio, by Hine, the executor here appointed, asking for the direction of the court as to his duties under the will. It is conceded that all necessary and proper parties were brought before the court in said action, which is the one now before us on appeal.

---

*Affirmed without opinion, *Cowles et al* v. *Cowles et al*, 86 Ohio State, 350.

The question really raised by the pleadings is whether the record of the Probate Court of Summit County, admitting the said will to probate, is conclusive as to the fact that the testator was domiciled in this county at the time of her decease, or whether evidence should be received on that subject tending to show that she was a resident of California when she died.

· In this connection, some of the defendants urge that under the Federal Constitution full faith and credit are to be given to the judgment of the Superior Court of Los Angeles County, California, setting aside the will, and that by said judgment the executor, Hine, is without authority to act under the said will.

We have here a familiar and interesting example of the conflict of laws.

That this court is bound by the finding of the probate court of this county, that Welthia Daniels was a resident of Summit county when she died, there seems to be no doubt.

That court is a court of record and of ample jurisdiction to hear and determine all facts upon which its jurisdiction rests. It was necessary for that court to determine whether the testator was a resident of this county when she died. It heard and determined that fact, and found that she was such resident. No effort has ever been made to review said finding, though ample provision has been made therefor by statute. See General Code, Sections 10520, 10521. Woerner on the American Law of Administration, on page 328, says of probate courts:

"If it is found that the tribunal is one competent to decide whether the facts in any given matter confer jurisdiction, it follows with inexorable necessity that, if it decides that it has jurisdiction, then its judgments within the scope of the subject-matters over which its authority extends, in proceedings following the lawful allegation of circumstances requiring the exercise of its power, are conclusive against all the world, unless reviewed on appeal, or avoided for error or fraud in a direct proceeding. It matters not how erroneous the judgment; being *a judgment,* it is the *law,* of that case, pronounced by a tribunal created for that purpose."

This statement of the law is perhaps too strong, if intended that the judgment has extra-territorial effect, but is correct as to

the effect of the finding upon the courts of the state in which, and according to the laws of which, it was made.

On this subject, *Wharton on the Conflict of Laws,* 3d Edition, Section 645, says:

"The law, as originally settled in Massachusetts, was that if an administrator or guardian was appointed by a judge of probate, who had no jurisdiction through the want of domicil on the part of the deceased, the whole proceedings were void, and all titles passing under the same null.  To correct this, and to give stability to the law, statutes were passed in Massachusetts and Maine, and other states, limiting the time of appeal from probate decisions.  Under these statutes, it was held by the Superior Court of Maine, in 1870, that when administration was commenced in Maine on the assumption that the deceased was domiciled in that state, and there was a final decree of the probate court on the settlement of the fourth account, after due proof, based on this assumption, then the question of domicil must be regarded as conclusively settled, and so far as concerns distribution of Maine assets, and that it was not competent to show that the last domicil was in another state.  But such statutes can not operate extra-territorially so as to invest internationally with domicil a person not domiciled in the enacting state."

In the light of the law thus stated, we find nothing in the cases of *Overby* v. *Gordon,* 177 U. S., 214, and *Tilt* v. *Kelsey,* 207 U. S., 42, cited by counsel for defendants, requiring this court to give greater credit to the decisions of a court of another state than it does to the decisions of a competent court of this state.  Furthermore, the judgment of this court, here sought, is to act upon the *res,* as expressed in the last mentioned case.  It is to act upon funds in the hands of the executor and within the jurisdiction of the Probate Court of Summit County, and of this court.  To that extent, the finding as to domicil made by the probate court of this county, is conclusive, though the authorities cited show that said finding would not be binding upon the courts of California.

It will be noticed that said cases, as others which have been examined, hold that the adjudication of domicil by the courts of one state have no binding force upon the courts of other states, and their effect must be so limited.

The case of *Willett's Appeal,* 50 Conn., 330, is not reconcilable with the federal cases cited and, had it been followed in California, would have led to a contrary conclusion in the court there.

Objections to the introduction of evidence as to domicil are sustained.

Our conclusions are, that the executor proceed as directed by the will; for the reasons stated, however, because the finding of the probate court here will not be binding upon the courts of California, as to the domicil of Mrs. Daniels, we can not direct him to incur any expense in litigation there.

Decree, see journal.