T. B. WILDS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed April 24, 1920.

1. Where the Court has not acquired jurisdiction of the subject matter and of the parties affected by the judgment or decree entered such judgment or decree is void and may be so held in a collateral proceeding.

2. If the court has acquired jurisdiction of the subject-matter and of the parties the judgment or decree entered is binding even though erroneous because of irregularity of procedure, and such judgment or decree will not be set aside, reversed or modified except by appropriate direct appellate procedure.

3. In a suit for divorce service was made by publication. The return day in the published notice was May 26, 1919. There was no appearance by the defendant and on May 31 following a decree pro confesso was entered by the court against the defendant for failure to appear, answer or otherwise plead. On the same day an order was made appointing a special master to take the testimony and report the same to the court. The special master on the day of his appointment proceeded to take the testimony, which was thereafter reported to the court, and on June 3 following a final decree was entered in which the prayer contained in the bill was granted. Held: that there was no authority for the entry of the decree pro confesso until "the rule day succeeding the date fixed in the order of publication," which was June 2, and its entry on May 31 was therefore premature.

4. The effect of the premature entry of a decree pro confesso is not to render the subsequent proceedings void, but at the most only voidable, and especially so when it appears from the record that the court had jurisdiction of the subject-matter and of the parties, as in this case, and that although the decree pro confesso was entered before the rule day succeeding the day fixed in the order of publication, it was en-

tered after such return day, and the final decree was ren-
dered after the rule day upon which the complainant was
entitled to a decree pro confesso against the defendant.

5. In an indictment for perjury it is an essential allegation
   that the party charged was duly sworn and that the oath was
   administered to him by some one authorized by law to ad-
   minister such oath, and it must appear that the court in
   which the perjury is alleged to have been committed had jur-
   isdiction of the cause in which the testimony upon which
   the charge of perjury is predicated was given.

6. Although a tribunal must have jurisdiction of the cause or
   proceeding before perjury can be committed therein, yet where
   there is a defect which renders the proceeding voidable, only,
   and such proceeding is amendable, or when the defects are
   waived by the parties and the cause is heard on the merits
   then perjury may be committed.

A Writ of Error to the Criminal Court of Record for
Hillsborough County; W. S. Graham, Judge.

Judgment affirmed.

*Lunsford* & *Whitaker*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart
Gillis*, Assistant, for the State.

WEST, J.—In this case plaintiff in error, referred to
herein as defendant, was tried and convicted in the Crim-
inal Court of Record for Hillsborough County of the
crime of perjury. To the sentence imposed he took writ
of error from this court.

The alleged false swearing by defendant which is the
basis of the perjury charge occurred, so it is alleged, in
the giving of his evidence before a special master in a
suit for divorce brought by defendant against his wife.

There are a number of assignments of error, but the principal contention is that the proceeding in which the alleged false swearing by defendant occurred was void and that therefore his conviction cannot be upheld. In other words, defendant says, in substance, it is settled law that where a court renders a judgment without first having acquired jurisdiction of the subject-matter of the suit and the person of the defendant, such judgment is void and subject to collateral attack; that in the trial of defendant it appeared from the proof offered and received in evidence against him that the proceeding in which the alleged perjury was committed was void because no jurisdiction of the person of the defendant had been acquired by the court and that therefore such proceeding was a nullity. It may be conceded that if each premise of this syllogism is true the conclusion is inevitable. It may also be conceded that the first premise is true because it is elementary that where a court has not acquired jurisdiction of the subject-matter and of the parties affected by the judgment or decree entered, such judgment or decree is void and may be so held in a collateral proceeding. 23 Cyc. 1074; 15 R. C. L. 844; 12 Enc. of Pl. & Pr. 179; Torrey v. Bruner et al., 60 Fla. 365, 53 South. Rep. 337; McGehee v. Wilkins, 31 Fla. 83, 12 South. Rep. 228. But it is also well settled that if the court has acquired jurisdiction of the subject-matter and of the parties the judgment or decree entered is binding, even though erroneous because of irregularity of procedure, and that such judgment or decree will not be set aside, reversed or modified except by appropriate direct appellate procedure. Torrey v. Bruner, supra; Lucy v. Deas, et al., 59 Fla. 552, 52 South. Rep. 515.

The grounds of the alleged invalidity of the proceeding in which the alleged false swearing occurred are

that the decree pro confesso entered in the cause was prematurely entered; that all subsequent proceedings, including the order appointing the special master, who took the testimony and administered the oath to defendant as a witness in said cause, were unauthorized, and that therefore the defendant took no oath, which was administered to him by an officer authorized by law to administer such an oath, before he gave testimony in the cause.

In an indictment for perjury it is an essential allegation that the party charged was duly sworn and that the oath was administered to him by some one authorized by law to administer such an oath.    Adkinson v. State, 59 Fla. 1, 51 South. Rep. 818; Bedsole v. State, 59 Fla. 3, 52 South. Rep. 1.    And it must appear that the court in which the perjury is alleged to have been committed had jurisdiction of the cause in which the testimony upon which the charge of perjury is predicated was given.  Markey v. State, 47 Fla. 38, 37 South. Rep. 53.

In the suit for divorce brought by defendant against his wife service by publication was made upon her. The return day in the published notice was May 26, 1919. There was no appearance by the defendant in that suit, and on May 31 following a decree pro confesso was entered by the court against her for failure to appear, answer or otherwise plead.  On the same day (May 31, 1919) an order was made appointing a special master to take the testimony and report the same to the court.  The special master, on the day of his appointment, proceeded to take the testimony and it was then that the testimony of defendant, which is the basis of the perjury charge, was given before such special master.  On June 3 following a final decree was entered by the court in which the prayer of defendant for a divorce was granted.

There was no authority for the entry of the decree pro confesso until the rule day "succeeding the day fixed in the order of publication," which was June 2, and its entry on May 31 was therefore premature. Chap. 7354, Acts 1917, Laws of Florida; Lente v. Clarke, 22 Fla. 515, 1 South. Rep. 149; Johnson v. Johnson, 23 Fla. 413, 2 South. Rep. 834; Ballard v. Kennedy, 34 Fla. 483, 16 South. Rep. 327; Ropes v. McGade, 40 Fla. 388, 25 South. Rep. 273. So that the question to be determined is the effect upon the subsequent proceeding in the suit of the premature entry of the decree pro confesso in the case in which the alleged perjury was committed. If its effect was to render subsequent proceedings therein void and of no effect, then the appointment of the special master who administered the oath to defendant was unauthorized, and the defendant cannot be held guilty of perjury even though the material testimony given by him before the special master may be false. If, on the other hand, the premature entry of the decree pro confesso was only an irregularity, which, if error, may be reviewed and corrected on appeal only and may not render subsequent proceedings in the cause void and subject to collateral attack, then the conviction of defendant may be upheld.

There are authorities which seem to hold to the contrary (Vohlers v. Stafford Mfg. Co., 171 Mich, 8, 137 N. W. Rep. 128; Palmer v. McMasters, 8 Mt. 186, 19 Pac. Rep. 585), but the sounder view seems to us to be that the effect of the premature entry of the decree pro confesso is not to render subsequent proceedings void, but at the most only voidable, and especially so when it appears from the record that the court had jurisdiction, as in the case now under consideration, of the subect-matter and of the parties. 23 Cyc. 755; Freeman on Judgments, Sec. 532; Black on Judgments, Sec. 85; Torrey v.

Bruner, supra; Lucy v. Deas, supra; Anheuser-Busch Brewing Assn. v. McGowan, 49 La. 630, 21 South. Rep. 766; Estate of Newman, 75 Cal. 213, 7 Am. St. Rep. 146; Mitchell v. Aten, 37 Kan. 33, 14 Pac. Rep. 497; Winslow v. Anderson, 3 Dev. & Bat. 9 (N. C.), 32 Am. Dec. 651. In the consideration of this case it should be remembered that although the decree pro confesso was entered before the rule day "succeeding the day fixed in the order of publication," it was entered after such return day "fixed in the order of publication," and the final decree was rendered after the rule day upon which the complainant (defendant here) was entitled to a decree pro confesso against the defendant. In this situation it is clear that there was jurisdiction of the parties as well as of the subject-matter of the suit.

It may also be remarked that the proceedings which defendant now seeks to have declared void in order that he may escape the penalty of the crime of perjury with which he is charged, were had in a suit brought by him in his own name, that such suit was under his control, that the evidence given by him was used at the final hearing, and he was granted the relief prayed by him.

In the case of Markey v. State, supra, this court said: "The irregularity or defect, if any such existed in the appointment of the examiner, was waived by the defendant in proceeding to have his testimony taken in said divorce suit by the officer so appointed, at his request, by the court, in using said testimony so taken before the court as a basis for the relief which he sought in his bill and in obtaining a final decree thereon." In the same case the court quoted with approval the following from the opinion in the case of Maynard v. People, 135 Ill. 416, 25 N. E. Rep. 740: "Although a tribunal must

have jurisdiction of the cause or proceeding before perjury can be committed therein, yet where there is a defect which renders the proceeding voidable, only, and such proceeding is amendable, or when the defects are waived by the parties and the cause is heard on the merits then perjury may be committed."

The foregoing principles are peculiarly applicable here and they are controlling with the result that the contention of defendant cannot be allowed.

There are other assignments predicated upon rulings admitting or excluding proffered evidence and in refusing a requested instruction to the jury on behalf of defendant. An examination of the record discloses no harmful error in such rulings and a discussion of them would serve no useful purpose. The evidence is sufficient to sustain the verdict and the judgment will be affirmed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

ELLIS, J., not participating.