THE STATE OF FLORIDA ON THE RELATION OF: L. M. FLETCHER, *Petitioner*, v. THE HONORABLE VINCENT C. GIBLIN, JUDGE OF TWENTY-SECOND JUDICIAL CIRCUIT IN AND FOR THE STATE OF FLORIDA, *Respondent*.

En Banc.

Opinion Filed December 9, 1927.

*McCune, Casey, Hiaasen & Fleming*, for Petitioner;

*Vincent C. Giblin*, in pro. per.

BUFORD, J.—This is an original mandamus proceeding brought against the Circuit Judge to require him to enter a decree *pro confesso* in a case in which he had made an order, as follows:

"This cause came on this day before me upon the motion of complainant for the entry of a decree *pro confesso* against the defendants, Aug. E. Neff, Helen Neff, Fred G. Kaeding and Minnie Kaeding, Mary M. Lindermanc, Conrad Lindermanc, Charles E. Bryant, also known as Charles E. Bryan, John Sander and Julia Sander. I do not believe that under Section 3153 of the Revised General Statutes of Florida (1920) a decree *pro confesso* can be entered against defendants served by publication, where the return day fixed in said order of publication is other than a rule day, until the rule day succeeding the day so fixed in the order of publication. In this case the return day is October 12, 1927, and in my opinion a decree *pro confesso* cannot be entered against the defendants until the Rule Day in November, A. D. 1927. I have, therefore, declined to enter a decree *pro confesso* against said defendants as presented to me.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, That said motion for decree *pro confesso* be and the same is hereby denied.

DONE AND ORDERED in Chambers in the City of Fort Lauderdale, Broward County, Florida, this 13th day of October, A. D. 1927."

On the return day of the alternative writ the respondent moved to quash the same. In Tibbetts v. Olson, in an opinion by the present writer, 91 Fla. 824, 108 Sou. 679, this Court say:

"Where constructive service is had by publication upon a bill properly sworn to and alleging sufficient facts to give the court jurisdiction of the parties and of the subject matter, a decree *pro confesso* may be entered by the Court against defendants in default on a proper return day named in the writ or on any date during the continuance of default thereafter, or may be entered by the clerk of

the court on any rule day after the return day, during the continuance of such default.''

This statement is erroneous and, while in that case it was dicta, it should be corrected. The statement should have read:

''Where constructive service is had by publication upon a bill properly sworn to and alleging sufficient facts to give the court jurisdiction of the parties and of the subject matter, a decree *pro confesso* may be entered by the court against defendants in default on the *rule day succeeding* a proper return day other than a rule day named in the writ or on any date during the continuance of default thereafter, or may be entered by the clerk of the court on any rule day after such return day, during the continuance of such default,'' which is in accordance with the provisions of Section 3153, Revised General Statutes of Florida, and in harmony with the rule as stated in Wilds v. State, 79 Fla. 575, 84 Sou. 664.

The rule as last above stated applies in cases where the return day named in the order of publication for constructive service is *other than a rule day*. Where the return day is a *rule day* the court or the clerk may on default and proper showing thereof, enter decree *pro confesso* on that day, or the court may enter decree *pro confesso* on any subsequent day during continuance of default, or the clerk may enter decree *pro confesso* on any subsequent *rule* day during continuance of default.

The motion to quash the alternative writ should be granted and it is so ordered.

Quashed.

Ellis, C. J., and Whitfield, Terrell, Strum and Brown, J. J., concur.