This cause is here upon appeal from a final decree of the circuit court foreclosing a real estate mortgage.
The record shows that the bill of foreclosure was filed January 24, 1929, and on the same day a subpoena was issued directed to the several defendants including B. P. Pike and wife, makers of the mortgage; that no service was made on Pike and wife; that an alias subpoena returnable to the March rules (March 4, 1929) was duly served upon Pike and wife on February 6, 1929; that on the rule day in March, Attorneys for B. P. Pike filed his appearance; that complainant filed praecipe for entry of decree pro confesso against all defendants including Pike and a decree was so entered on March 11, 1929, for failure "to appear, plead, answer or demur to the bill of complaint" on the rule day in March 1929; that on the same date a final decree was entered against defendants from which decree appeal was taken to this Court.
It is the contention of appellant that the decree pro confesso was entered against him before he was in default, and that final decree rendered by the court thereon was error.
Section 4892, Compiled General Laws of Florida, 1927, provides that a subpoena in chancery shall be returnable to the rule day and within the time provided for writs of summons at law, and Section 4891, Compiled General Laws of Florida, 1927, and Equity Rule 13 provide that if such process be returned unexecuted as to any defendant, an alias *Page 47 
subpoena shall be issued against such defendant if required by the party at whose instance the process was originally issued. Section 4278, Compiled General Laws of Florida, 1927, provides that defendants shall enter appearance on the return day of the writ of summons, and may appear at any time before entry of default for not appearing, but shall not be entitled to any further time for pleading or other proceedings than if they had appeared within the appointed time.
Section 4939, Compiled General Laws of Florida, 1927, in chancery procedure, provides that
 "The defendant shall, unless the time shall be otherwise enlarged for cause shown by the judge of the court upon motion for that purpose, file his plea, demurrer or answer to the bill in the clerk's office on the rule day next succeeding that fixed for an entry of appearance."
and that
 "in default thereof, the complainant may, at his election, cause the clerk to enter an order (as of course) in the order book that the bill be taken pro confesso."
See also Chancery Rule 44; Section 4940, Compiled General Laws of Florida, 1927.
Chancery Rules 11 and 15 also provide that the appearance day of a defendant shall be the rule day to which the subpoena is made returnable, provided he has been served ten days before that day, otherwise his appearance day shall be the succeeding rule day.
The defendant Pike was served more than 10 days prior to the return day of the process and filed his appearance on the return day, March 4, 1929, and the decree pro confesso, and also the final decree were entered on March 11, 1929.
The defendant having entered his appearance on the rule day in March, which was the return day of the subpoena, *Page 48 
he had until the rule day in April, 1929, to file his demurrer, plea or answer; therefore reversible error was committed by the court in entering a final decree upon a decree pro confesso so entered. Woodford v. Alexander, 35 Fla. 333, 17 So. 658; Wilds v. State, 79 Fla. 575, 84 So. 664.
The decree pro confesso and the final decree should be and the same are hereby, reversed as to the appellant B. P. Pike.