AMYLITA G. COLE, Appellant, v. HOWARD COLE, Appellee.

200 So. 544
Special Division B
Opinion Filed February 18, 1941

*Liddon* and *Fee* and *Vincent C. Giblin,* for Appellant; *Carlton & Sample,* for Appellee.

CHAPMAN, J.—On March 6, 1940, Howard Cole filed in the Circuit Court of St. Lucie County, Florida, a sworn bill of complaint against his wife, Amylita G. Cole, praying for a divorce on the ground of extreme cruelty. An affidavit was filed in which it was made to appear that the defendant, Amylita G. Cole, had been absent from the State of Florida for a period of more than sixty days next preceding the time or period of making the said affidavit and her address therein was stated to be at 2901 Franklin Street, c/o Mrs. Goode, Seattle, Washington. The allegations of the affidavit conformed to the requirements of the statute. of Florida controlling constructive service.

On March 6, 1940, an order of service by publication was entered by the Clerk of the Circuit Court of St. Lucie County, Florida, against the defendant, Amylita G. Cole, requiring that she appear on the 8th day of April, 1940, and answer or defend the bill of complaint filed against her. The order was published in the Fort Pierce News-Tribune, a daily newspaper published at Fort Pierce, Florida, in the issues of March 7, 14, 21 and 28, 1940. On motion of counsel for plaintiff below, a decree *pro confesso* was on April 10, 1940, entered against the defendant, Amylita G. Cole, because of her failure to appear, plead or answer the said sworn bill of complaint on April 8, 1940, the return day named in the order of publication.

On April 10, 1940, an order was entered by the lower court appointing a special examiner to take and report the testimony to the chancellor below. On April 13, 1940, the special examiner filed her report of all the testimony adduced or taken before her. On April 13, 1940, a decree of divorce on the ground of extreme cruelty was made and entered.

On the rule day in May, 1940, the defendant below, through counsel, filed in the Circuit Court of St. Lucie County an appearance in said cause; likewise a motion for the vacation of the decree *pro confesso,* the said order of reference and the final decree. On May 18, 1940, an order was entered by the lower court overruling and denying the motion to vacate and set aside the decree *pro confesso,* order of reference and the final decree. An appeal has been perfected to this Court and it is here contended that the entry of the decree *pro confesso* and order of reference, each dated April 10, 1940, and the final decree recorded April 15, 1940, were each erroneous.

Counsel for appellant suggest that the question posed by this record for a decision is viz.:

"Where service on a defendant in a divorce suit is made by publication and the return day fixed in the order of publication is not a rule day, is the defendant required to appear prior to the rule day next succeeding the return day fixed in such order of publication?"

While counsel for appellee contend that the controlling question for a decision is viz.:

"Should a motion to vacate and set aside a decree *pro confesso* and final decree based thereon made more than twenty days after the entry of the final decree be granted by the trial court, where the motion is not accompanied by an affidavit showing a meritorius defense?"

The point in controversy is controlled or governed by Section 6 of Chapter 14658, Acts of 1931, Laws of Florida, viz.:

"Section 6. APPEARANCE: The defendant shall file his written appearance, personally or by his solicitor, on the rule day to which the summons in chancery is made returnable, provided he has been served with process ten days before that date; otherwise his appearance day shall be the next rule day succeeding the rule day to which the process is returnable. If service is made by publication, the defendant shall file his appearance, in the manner stated, on the day fixed in the order of publication, if a rule day, or, if not a rule day, then on the rule day next succeeding the return day fixed in the order of publication."

It will be observed that the return day appearing in the order of publication was April 8, 1940, was not a rule day and for this reason, under the provisions of Section 6, *supra,* the defendant named in the order of publication was required to file or enter an appearance in said cause "on the rule day next succeeding the return day fixed in the order of publication," and under this provision the appearance day of the defendant was on the rule day in May, 1940.

The record discloses that the defendant filed an appearance in said cause on the rule day in May, 1940.

In this state of the record the decree *pro confesso* and the order of reference entered under date of April 10, 1940, were clearly erroneous, because under the provisions of Section 6, *supra,* the defendant was not required to enter an appearance in said cause until May 6, 1940, the next succeeding rule day after April 8, 1940. See State *ex rel.* Fletcher v. Giblin, 94 Fla. 1084, 114 So. 778.

Counsel for appellee contend that because the motion to vacate the decree *pro confesso,* the order of reference and the final decree was not made within twenty days after the date of the entry of the final decree, and further because the appellant failed or omitted to file an answer or affidavit showing a meritorious defense to the alleged cause of action, that the lower court, under the provisions of Section 43 of Chapter 14658, Acts of 1931, Laws of Florida, was without power to disturb the final decree. It is not necessary for a disposition of the case at bar to answer this contention because the case is now before the Supreme Court of Florida and these orders and final decree are each assigned as error on this record.

On September 24, 1940, appellant applied to this Court for an order requiring the appellee to pay solicitor's fees and suit money necessary to prosecute this appeal. An order was entered deferring a ruling thereon until the appeal was disposed of on its merits in this Court. We have carefully considered the application and observed that the appellant is the beneficiary of a trust fund yielding to her approximately $400.00 per month, and the faculties of the appellee have not been clearly established. See Arendall v. Arendall, 61 Fla. 496, 54 So. 957, Ann. Cas. 1913A 662. On the showing here made in support of the application for said order we are of the opinion that the same does not

meet the requirements of the law and for said reason the application is hereby denied without prejudice.

The decree *pro confesso* and the order of reference dated April 10, 1940, and the final decree dated April 13, 1940, and recorded April 15, 1940, are each reversed and the cause remanded for further proceedings in the lower court not inconsistent with this opinion. The entire costs of this appeal shall be paid by the appellee.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL and BUFORD, J. J., concur.